## THOMPSON *et al.* *vs.* JOHNSON.

1. An instrument founded on a valuable consideration, in form a deed executed by both parties, and as such capable of full effect, and manifestly intended to convey a beneficial interest to the grantee, to take effect and be enjoyed in the grantor's life-time, must be regarded as a deed, and not as a will.

2. The same instrument cannot operate both as a deed and as a will.

ERROR to the Probate Court of Sumter.

THE Probate Court of Sumter, on the application of Johnson, admitted to probate as the last will and testament of James Thompson, deceased, an instrument in writing which is sufficiently described in the opinion of the court. The plaintiffs in error, as two of the heirs at law of said Thompson, contested the probate of the instrument in the court below, and bring the case to this court by writ of error to reverse the decree of the Probate Court.

A bill of exceptions was taken on the trial of the case, which it is unnecessary to notice.

HILL & HALE, for plaintiffs in error:

The counsel for the plaintiffs in error insist that there is error in the record, in this, to-wit:

1. That the said pretended will was admitted to probate when it was not testamentary in its character and was not designed by the maker of the same as a testamentary disposition of his property.

2. The court erred in its decree admitting to probate the said paper as the last will and testament of the said James Thompson.

In support of the first and second assignments of error, the counsel for the plaintiffs in error refer the court to the following authorities.—1 Black. Com. (book 2d, ch. 32,) 404; 1 Jarm. on Wills, ch. 2, p. 11, 12, 13, (note F.); 1 Wms. on Ex'rs, 9, 61; Epistle to the Hebrews, ch. 9, v. 16, 17; Glynn v. Oglander, 2 Hagg. 428; Dunn et ux. v. Bank of Mobile, 2 Ala. 155; Stephens et al. v. Nabors, ib. 636; Thompson v. McDonald, 2 Dev. & Bat. Eq. 463.

J. O. WILLIAMS, *contra:*

The counsel for defendant in error insists that there is no error in the record.

1. There was no error in admitting this instrument to probate as a will—see 2 Ala. 158; 6 ib. 636; 1 Lomax, 11; Habergham v. Vincent, 2 Ves. jr. 204.

2. It is not true as alleged, nor do the authorities quoted show that the test of a will is its revocable quality. An instrument may be revocable and not be a will, *e. g.* a deed reserving a power of revocation, a letter of attorney.

3. An instrument may be testamentary and yet be a deed in trust too, and so may be in part irrevocable—(Peacock v. Monk, 1 Ves. 127; Thomkins v. Ladbroke, 2 Ves. sen. 591; Allison's Ex'rs v. Allison's Heirs, 4 Hawk. 144)—which cases are in their facts the same as the case at bar, against which there is no authority in the books. Note F, in Jarm. on Wills, (the only authority relied on by plaintiff's counsel,) besides being very indefinite, is a mere dictum of the author.

4. James Thompson thought that he was making a will. He appointed Abraham Johnson his executor, and James E. Johnson his alternate executor. The bare nomination of an executor will constitute a will.—1 Lomax, 66. Said Thompson directed his executors after his (Thompson's) death to pay all his (Thompson's) debts. He named his legatees and bequeathed the balance of his property left after his estate was settled up amongst his said legatees, making to each a special bequest.

PARSONS, J.—The bill of exceptions was prepared probably in haste. It is so defective that I think we cannot act on it

Thompson et al. v. Johnson.

for any purpose, but in the view we take of the case it is not necessary to do so.

One of the assignments of error is this, that the Probate Court erred in admitting the instrument to probate as the last will and testament of James Thompson. Now, if the instrument on its face shows conclusively that it was a deed and not a will, then this assignment of error must be sustained. When instruments of the kind can have no effect as deeds, but may operate as wills, it is the strong inclination of the courts to take them as wills, so that the party's objects may be accomplished. But no such reasoning can apply to this case, because the instrument is effectual as a deed and in fact precludes the possibility of its operating as a testamentary writing. A will must take effect after the death of the testator; this is disputed by no one: and I believe it has not been directly denied in any of the cases, that an instrument founded on a valuable consideration, in form a deed executed by both parties, and as such capable of full effect, and manifestly intended to convey a beneficial interest to the grantee, to take effect and be enjoyed in the grantor's life-time, must be regarded by the courts as a deed and not as a will. That is the case before us. The doctrine was well stated in Habergham, v. Vincent, 2 Ves. jr. 230, by Mr. Justice Buller, that "the cases have established, that an instrument in any form, whether a deed poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will. The cases for that are both at law and in equity; and in one of them there were express words of immediate grant, and a consideration to support it as a grant; but as upon the whole the intention was it should have a future operation after death, it was considered as a will." If some few cases have gone further than this, they are of doubtful authority, as the case of the Attorney General v. Jones, 3 Price, 408, but more fully stated in 1 Jarm. on Wills, 15; or they rest upon special circumstances, upon which alone they can be supported, consistently with the admitted rule, that an instrument cannot be a will, if it is to take effect in the life-time of the maker. It may be collected from a variety of cases that one and the same instrument cannot be both a will and a deed. Then, what is the case at bar? Abraham Johnson had become James Thompson's surety in a large amount, and bound himself to be his surety in

another large amount; was his creditor in another sum; had advanced money for him and agreed to advance more, all specially stated, and Thompson was desirous to secure him; and by an indenture, reciting these and other facts, sold, released, &c., "in consideration of the premises" his real and personal estate to Mr. Johnson, who also executed the deed as a party, and who, by the terms expressed in the deed, was to take absolute possession, which was not postponed for a moment.

Among other trusts declared by the deed, was that of paying the debts to Johnson himself out of the estate conveyed, and a power of sale was given him. A family settlement of the residue after the death of the grantor is provided for, and the instrument in several places assumes a testamentary character; it disposes of the residue after his death, as just mentioned; it speaks of his age and infirmities and appoints Mr. Johnson his executor. It is clear that Mr. Thompson intended and undertook more than he could legally accomplish; for he had already made a deed and conveyed to the grantee a present interest in the property, with the clear legal title, and throughout the instrument Mr. Thompson's intention that it should take effect in his life-time appears. Bonds in his name were to be executed by Mr. Johnson, who was also to furnish him a support out of the estate. It was an act *inter vivos* obviously, and not a will. It was not the intention or the effect of the instrument to postpone Mr. Johnson's indemnity as long as the grantor might live, which might have been ten or fifteen years or more. The instrument in truth, could have had no effect as a will, in respect of the lands, for the want of the necessary number of witnesses.

Let the decree of the Probate Court be reversed.