**(122 So. 354)**
**PEREZ** et al. v. **STILL** et al. (I Div. 522.)
Supreme Court of Alabama. May 9, 1929.

Stevens, McCorvey, McLeod, Goode & Turner and C. M. A. Rogers, all of Mobile, for appellants.

342

Inge, Stallworth & Inge, of Mobile, for appellees.

SAYRE, J. The last will and testament of Marie A. Teel, disposing of her entire estate, was duly probated in Mobile county. Afterwards appellants Joseph Perez and Cluis Hill propounded two instruments in writing as codicils to the will of testatrix—this, by authority of section 10611 of the Code. These two instruments were in the form of warranty deeds of conveyance and recited valuable consideration of $10 each. The deed to Hill recited also "other valuable consideration." They were dated a little more than a year after the will which had been duly admitted to probate. Contestants, appellees in this appeal, along with other issues which deservedly received scant, if any, attention in the probate proceeding, contended that the two instruments thus propounded for probate were not of testamentary character, but were, if of any validity, deeds of conveyance. Probate was denied by the verdict of a jury which found that the two instruments propounded for probate were not codicils to the last will and testament of Marie A. Teel, deceased, and this verdict was given effect by the judgment of the court. Proponents excepted as shown by the three assignments of error which are set out in the report of the case.

None of them can be sustained.

■ Appellants criticize the action of the court shown by the first and second assignments as having submitted a question of law to the jury for their determination. With a proper statement of the facts necessary to constitute a codicil, such facts to be found by the jury on consideration of the evidence, it would be no objection to the charge that it hypothesized a finding which would involve a conclusion of law and fact. In the practice of our courts every jury verdict involves both elements. The objection to the instructions here in question is not that they were, in themselves, considered erroneous, but that the court failed to state in connection with them the constituent elements of fact necessary in law to a codicil. Appellants should have undertaken to supply this deficiency by requesting special instructions defining for the jury the facts necessary to constitute a codicil. Chandler v. Jost, 96 Ala. 596, 11 So. 636; O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322; Jones v. Fort, 36 Ala. 449. Such request was necessary in order to inform the jury as to the basis of fact on which their verdict should rest, or, in the event of the court's refusal, as a basis for an assignment of error. 38 Cyc. 1608.

■ The charge refused to appellants and made the basis of the third assignment of error looks suspiciously like the general charge for appellants. At least, it must be said that the evidence (much of which was admitted without objection) if due to be considered for any purpose, afforded grounds for different inferences. Conceding for the moment that the evidence and its inferences were to be considered for any purpose, the question whether the instruments propounded as codicils were executed with testamentary intention, or were executed and delivered to John Glennon, who managed the property of deceased for her, with intent that they should presently vest an interest or estate in the named grantees, or whether they amounted only to tentative expressions of purpose which would have force and effect as the grantor might thereafter determine—these, on the stated concession, were questions of fact depending upon conflicting inferences, the force and effect of which it was for the jury to consider and determine.

■ But the fact is the two instruments were on their face deeds of conveyance purporting to vest present estates without qualification of the estates, if any, intended to be conveyed, or indication that they were to take effect at a future day, or ambiguity to justify the admission of extraneous evidence to show their meaning. Seay v. Huggins, 194 Ala. 496, 70 So. 113. If they operated upon the titles, they took effect as deeds of conveyance and not otherwise. Marsh v. Rogers, 205 Ala. 106, 87 So. 790, and Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann. Cas. 1916D, 994, where the cases are cited. See also the annotation to Shaull v. Shaull, 11 A. L. R. page 23 et seq., where many of our cases are noted and discussed.

We, find nothing to the contrary of what has here been said in Thompson v. Johnson, 19 Ala. 59. The terms in which the instrument there considered was expressed do not appear in the report of the case. We conclude therefore that the opinion in that case holds nothing in conflict with the later cases to which we have referred or the numerous cases there cited.

Contestants, appellees, were entitled to the general charge, which no doubt would have been given on proper request, and, since the jury found with them, it is of no consequence what other charges were given or refused.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.