189 So. 749

**COLEMAN, Mayor, v. MANGE et al.**

**7 Div. 573.**

Supreme Court of Alabama.

June 8, 1939.

---

142

Knox, Acker & Sterne and Merrill & Merrill, all of Anniston, for appellant.

H. H. Evans and J. W. Hemphill, both of Anniston, for appellees.

KNIGHT, Justice.

The appeal in this cause is prosecuted from a judgment of the Circuit Court of Calhoun County awarding petitioners, appellees here, peremptory mandamus against the respondent, W. S. Coleman as Mayor of the City of Anniston, Alabama, requiring him, under the provisions of Article 46 of Chapter 43 of the Code of Alabama, as amended, to issue a proclamation submitting the question of organizing the said City of Anniston under a Commission Form of Government to the electors of said city.

It appears that the petitioners were the members of the City Council of the City of Anniston, and that the respondent was the Mayor, and that the petitioners, pursuant to the provisions of Article 46, Chapter 43 of the Code of Alabama, as amended, had presented to and filed with the Judge of Probate of Calhoun County a petition signed by a number of the qualified electors of such city as equalled three votes for each one hundred inhabitants or fraction thereof, according to the last Federal Census of the City of Anniston.

It further appears that the Judge of Probate of Calhoun County, pursuant to the statutory requirement in such cases, had examined said petition and had determined that the same was signed by the requisite number of qualified electors of said City to authorize an election for the purpose of adopting a Commission Form of Government in said city. It further appears that the said Judge of Probate on February 8th, 1939, duly filed with the respondent mayor his certificate finding the above facts to be true.

On February 11th, 1939, the said respondent not having issued his proclamation submitting the question of organizing the said city under a Commission Form of Government to the electors of said city, the petitioners, appellees, filed their petition for mandamus in the Circuit Court of Calhoun County against the respondent.

The court set this petition for hearing on Monday, February 13, 1939, at two o'clock P. M. Notice of this petition and the date set for hearing the same was served on respondent in the afternoon of the 11th of February, 1939. On February 13, 1939, the court, having overruled a motion for a short continuance, granted a peremptory writ of mandamus requiring the respondent to issue "a proclamation calling an election in the City of Anniston, Alabama, by 12:00 o'clock, noon, on February 14, 1939." From this order or judgment the respondent immediately filed this appeal.

At the time of the filing of the petition for mandamus, there was then pending in the Legislature a bill, which, if passed and approved by the Governor, would automatically place the City of Anniston under Commission Form of Government. This bill was passed by the Legislature on February 14, 1939, and was approved by the Governor on February 17, 1939. See General Acts, Regular Session 1939 (House Bill 167). By this act the offices of mayor and aldermen of the City of Anniston were abolished and there was created in lieu thereof a Commission Form of Government, consisting of a chairman and two associate commissioners, with defined duties and powers. And we know judicially that the Governor of Alabama, on February 17, 1939, under the power conferred upon him by said act, duly appointed W. S. Coleman, Chairman, and Arthur H. Lee and P. A. Guinn, Associate Commissioners of said city.

It thus appears that, pending this appeal, the offices of Mayor and Aldermen

of the City of Anniston have been abolished; and that the city has been placed under a Commission Form of Government. This, then, renders moot the questions presented on this appeal. This case having become moot, this court will not consider the abstract question of the propriety vel non of the lower court's judgment.

The rule obtaining in this jurisdiction, as well as elsewhere, is that if, pending an appeal, an event occurs which makes a determination of it unnecessary, or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. 4 Corpus Juris Secundum Appeal and Error p. 1967 § 1362; Agee et al. v. Cate, 180 Ala. 522, 61 So. 900, 901; Alabama Power Co. v. City of Sheffield, 232 Ala. 53, 166 So. 797; Comer v. Bankhead, 70 Ala. 136; State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214; County of Montgomery v. Montgomery Traction Company, 140 Ala. 458, 37 So. 208. Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs. Authorities supra.

However, we have refused to apply this rule in cases where the appeal affects existing rights of the parties, as in the cases of Postal Telegraph-Cable Co. v. City of Montgomery, 193 Ala. 234, 69 So. 428, Ann.Cas.1918B, 554; Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818; Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657; Bradford v. State ex rel. Esslinger, 226 Ala. 342, 147 So. 182.

In the last cited case the question presented was held not to be moot because it was necessary to determine the right of the respondent to the emoluments of the office from date of the judgment appealed from until the date upon which his successor was elected.

However, it is argued here by the attorneys for the appellees that the Act of the Legislature, approved February 17, 1939, placing the City of Anniston in Class "D" Cities of the State, and thereby placing said city under Commission Form of Government, is unconstitutional (1) for that it violates Section 45 of the Constitution, in that the subject of the Act is not clearly expressed in its title; (2) for that it violates said Section 45 of the Constitution, in that it contains more than one subject; and (3) for that it seeks to amend the charter of a city and is in effect a local act.

Suffice it to say that when and if the constitutionality of said act is presented here in a proper proceeding, we will then pass upon that question. But the question cannot be raised for the first time in a brief only.

This case having become moot, pending the appeal, the only proper order to be entered here is one of dismissal of the appeal. It is so ordered.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.