7 So.2d 263

**GAINES v. MALONE.**

**4 Div. 209.**

Supreme Court of Alabama.

March 12, 1942.

Rehearing Denied April 16, 1942.

L. A. Farmer, of Dothan, for appellant.

John W. Rish, of Dothan, for appellee.

596

LIVINGSTON, Justice.

This cause was submitted on motion to dismiss the appeal and on the merits.

The cause was commenced in the Circuit Court of Houston County, Alabama, by the petition of F. M. Gaines, the appellant, filed under and by virtue of the provisions of section 6682, Code of 1923, Title 13, section 128, Code of 1940, which reads as follows:

"The circuit court has power after final judgment:

"To correct any error in fact in the judgment or process apparent upon the whole record.

"To secure parties or privies in their rights against any oppression or abuse of execution, or other process, or upon any release, discharge, or payment after judgment."

In substance the petition alleges that on the 19th day of September, 1933, the Federal Reserve Bank of Atlanta, Georgia, a corporation organized under the laws of the United States of America, recovered a judgment against petitioner in the Circuit Court of Houston County, Alabama, at law, for the sum of $19,179.08 and cost of court: that a certificate of judgment was duly recorded in the probate office of Houston County, Alabama, on the 27th day of September 1933; that on February 17, 1941, after several mesne transfers, the judgment was transferred and assigned to L. B. Nichols; but the petitioner avers, on information and belief that the transfer was without consideration or that the agreed consideration has not been fully paid; that

on the 17th of February, 1941, the said L. B. Nichols caused an execution to be issued out of the Circuit Court of Houston County, at law, on said judgment commanding any sheriff of the State of Alabama to make out of the goods and chattels, lands and tenements of the petitioner, the sum of $19,179.08, the original amount of the judgment, and $13.05 cost of suit together with interest from September 19, 1933. That in obedience to the mandates of the execution, the sheriff of Houston County has advertised for sale on the 14th day of April, 1941, certain property, specifically set out in exhibits to the petition, belonging to petitioner; and that the judgment has been fully paid, or reduced to a very small amount, which amount petitioner offers and agrees to pay as soon as the same has been ascertained by the court. Petitioner prays that a writ of supersedeas be immediately issued by the court, directed to the sheriff commanding him to desist from enforcing the execution, and to stay the sale of petitioner's property until the final hearing of the petition; that the court determine the amount, if any, due on the judgment; that the sale of petitioner's property be permanently stayed if the court finds that the judgment has been paid in full, or that petitioner be allowed to pay any amount found to be due on the judgment, and for general relief.

The court set March 31, 1941, for oral hearing of the petition, but so far as the record discloses no evidence was introduced on the hearing. On that day the court entered an order or judgment in part here material, as follows:

"Taking the allegations of the petition herein considered to be true, the court is of the opinion that the petitioner is entitled to a writ recalling the execution and staying proceedings thereon, pending the determination of the things and matters alleged in said petition, but, that, as a condition precedent to the issuance of such writ, the petitioner must make bond (in) and double the amount of the execution, payable to the defendant and conditioned as provided by law.

"Counsel for defendant, being present in open court at this hearing, stated, in open court and before the court, that the judgment which is the basis of the execution is entitled to certain credits, and that when said credits are made, he admits that only a balance of $10,286.10 will be due on the judgment, which is the basis of the execu-

tion. Counsel for defendant, however, insists, that a bond is required by law as a condition precedent to the issuance of the writ but consents in open court, that the bond be fixed in the sum of the balance due on the judgment which he insists is the amount hereinabove stated.

"The premises considered, it is ordered by the court that a writ of supersedeas, forthwith, issue out of this court directed to Hon. B. C. Farmer, as sheriff of Houston County, Alabama, and Hon. Roy O. Hill, as clerk of the Circuit Court of Houston County, Alabama, recalling the execution issued out of this court by Roy O. Hill, as clerk, on the 17th day of February, 1941, and directing the aforesaid sheriff of Houston County, Alabama, to make out of the goods and chattels, lands and tenements of F. M. Gaines the sum of $19,179.08, plus $13.05, court costs and based on a judgment heretofore rendered in this court on the 19th day of September, 1933, in a cause then pending in this court wherein the Federal Reserve Bank of Atlanta, Ga., was plaintiff and F. M. Gaines was defendant, and staying further proceedings on aforesaid execution pending final determination of the things and matters contained in the petition herein considered: said writ of supersedeas to be issued only after said F. M. Gaines has filed with the clerk of this court a supersedeas bond in the sum of $10,286.10, with good and sufficient surety or sureties to be approved by the clerk and condition[ed] and payable as provided by law.

"The court admits that request was made by F. M. Gaines and his attorney, L. A. Farmer, for an order directing the issuance of a supersedeas writ in this matter, without bond, and that said request was refused by the court, for the reason that the rule of law applicable thereto requires bond, and that the court had no authority to order the issuance of said writ without bond."

Petitioner, after ample opportunity to make the bond set out in the order or judgment, refused to do so, and on April 10, 1941, the trial court dismissed his petition. From the judgment of dismissal, this appeal was perfected.

On April 14, 1941, the execution was returned by the sheriff to the clerk of the Circuit Court of Houston County with the following indorsement thereon, "April 14, 1941. Returned to clerk of the Circuit Court of Houston County, Alabama, at request of owner of said judgment, and sale of property levied on abandoned.—B. G. Farmer, Sheriff."

On October 30, 1941, W. D. Malone filed in this court a petition to intervene and be substituted as the appellee in the cause, alleging that he became the sole owner of the judgment on April 8, 1941. The petition was granted on November 4, 1941, and on that day W. D. Malone filed his motion to dismiss the appeal on the ground that the questions involved had become moot.

■ The rule obtaining in this jurisdiction, as well as elsewhere, is that if, pending an appeal, an event occurs which makes a determination of it unnecessary, or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. Coleman, Mayor, v. Mange et al., 238 Ala. 141, 189 So. 749.

■■ The uncontradicted certificate of the clerk of the Circuit Court of Houston County establishes the fact that the execution has been returned to the clerk at the request of the owner and the sale of the property levied on abandoned. The judgment creditor admits that the execution was erroneously issued, or issued for the collection of an amount in excess of that actually due. The questions involved are now moot, unless we indulge the presumption that the judgment creditor still claims an amount in excess of that actually due. This we cannot do. On the contrary, as a general rule, it is proper to indulge a presumption that all persons act honestly and properly and in good faith. Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Stuart v. Holt, 198 Ala. 73, 73 So. 390; Ackley & Co. v. Hunter-Benn, etc., Co., 166 Ala. 295, 51 So. 964.

The appeal is dismissed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.