26 So.2d 553

### SHELTON v. SHELTON.
#### 4 Div. 389.

Supreme Court of Alabama.
June 13, 1946.

J. Hubert Farmer, of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellee.

LAWSON, Justice.

This cause was submitted on motion to dismiss the appeal and on the merits.

On April 13, 1945, appellee, Vivian R. Shelton, filed a bill in equity in the circuit court of Houston County, sitting in equity, against the appellant, William W. Shelton. The purpose of the bill was to have that court set aside and declare null and void a divorce decree theretofore rendered by that court on September 19, 1944, in a cause wherein the appellant in this case, William W. Shelton, was complainant and the appellee here, Vivian R. Shelton, was respondent.

On June 12, 1945, appellant, William W. Shelton, filed a motion in the equity court of Houston County to stay the proceedings on the ground that he was a member of the United States Army and that by reason of such service his ability to defend the action was materially affected.

The applicable section of the Soldiers' and Sailors' Civil Relief Act of 1940 is as follows: "Stay of proceedings where military service affects conduct thereof. At any

stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." October 17, 1940, c. 888, § 201, 54 Stat. 1181, Title 50 U.S.C.A. Appendix, § 521.

It appears that on August 18, 1945, a decree was rendered in the equity court of Houston County in favor of the appellee, Vivian R. Shelton, and against appellant, William W. Shelton, whereby appellant was required to pay appellee the sum of $40.00 per month as alimony pendente lite for such reasonable length of time as was necessary for appellee, the said Vivian R. Shelton, to prosecute the instant case to final decree, subject to the future orders of the court.

On the same day, that is, August 18, 1945, the equity court of Houston County acted on appellant's motion to stay the proceedings filed against him by appellee and decreed that such proceedings be stayed so long as the appellant pays to appellee the sum of $40 per month as alimony pendente lite, as had been theretofore decreed by the court, as above set out.

It was from the decree staying the proceedings conditionally that the appeal was taken to this court, it being appellant's contention that under the section of the Soldiers' and Sailors' Civil Relief Act of 1940, as above set out, he was entitled to have the proceedings stayed without any condition attached thereto.

In her motion to dismiss the appeal, appellee among other grounds says: That the question raised by the appeal in this case has become moot, for that since the decree was entered and said appeal taken, the appellant has been discharged from military service, having been discharged on November 19, 1945. The submission was had in this court on March 28, 1946. Appellant admits that he was discharged from military service on or about November 19, 1945, as alleged in appellee's motion to dismiss the appeal.

We think the question which appellant would have this court pass upon is moot and therefore the appeal must be dismissed. The appellant has been out of the military service more than sixty days and the provisions of the section of the Soldiers' and Sailors' Civil Relief Act heretofore set out are no longer applicable to him. The proceedings have been stayed in so far as this record disclosed. He has reverted to civilian status and an expression of this court on the question which appellant would have us pass upon would avail him nothing at this time. As before stated, the appeal was from the decree granting his motion to stay the proceedings conditionally. It was not from the decree awarding appellee alimony pendente lite.

The rule obtaining in this state is that if, pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal must be dismissed. Coleman, Mayor, v. Mange et al., 238 Ala. 141, 189 So. 749; Gaines v. Malone, 242 Ala. 595, 7 So. 2d 263.

In view of the foregoing, appellee's motion to dismiss the appeal must be granted.

Appeal dismissed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.