### EVA LAGASSE *v.* DOLAR LAPORTE.

· *Chretien & Craig (Mr. Chretien* orally), for the plaintiff.

*Hughes & Burns* and *Donald R. Bryant (Mr. Bryant* orally), for the defendant.

DUNCAN, J. No claim of contributory negligence is made. The defendant's exceptions present the sole issue of whether there was evidence to warrant a finding of causal negligence on the part of the defendant. In our opinion there was such evidence. The accident occurred at about eight thirty or nine o'clock in the evening, when the parties were returning to Derry from Nashua, in the defendant's automobile. The plaintiff was seated on the rear seat, directly behind the defendant, with two minor children to her right. Her husband was seated to the right of her father, on the forward seat.

At a point some seven or eight miles from Nashua, as the automobile rounded a curve to the right, the defendant was taken with a coughing spell which the plaintiff described as "not severe, just a natural cough." The defendant testified that it was "not just a little

cough." The automobile was then on the right hand side of the road, moving in a normal fashion at a speed of between thirty-five and forty miles an hour. There were no other vehicles immediately ahead or behind. "As soon as" the defendant "had this . . . coughing spell," the automobile suddenly traveled toward the left of the highway, and as it reached some stones at the side of the road, the plaintiff "hollered" at the defendant to ask him where he was going, but received no response. There was then nothing unusual about his appearance; "he was sitting up," and his head did not drop down. The plaintiff turned to protect her small daughter, as the automobile continued on its course into a gully seven or eight feet from the paved way, coming to a stop against a tree about twelve feet off the highway.

The tree was approximately five hundred feet beyond the curve. The plaintiff estimated that the automobile traveled a hundred feet along the pavement after she noticed that it was veering to the left, and another hundred feet after it left the paved way until it struck the tree.

Before the accident, the defendant had been in good health, and had never had such coughing spells while driving. He had not been drinking, and was not sleepy. He was engaged in conversation with the plaintiff shortly before he coughed. He first explained the accident by saying that he coughed "and when I cough, I don't know what happened after that . . . Must have lose control or something happened, I don't know." His counsel then injected the first suggestion of possible unconsciousness in the question, "What was the next thing you knew when you did come to or regained consciousness?" The defendant replied, "All I know I was on the tree, I could see the lights there shining on the tree." From his further testimony it appeared that he started to cough "right in the bend" of the curve, that he then "kept the wheel straight," that he heard his daughter "holler," and that although the coughing spell "last long enough I went off the road," he "held [the] car and [the] wheel." He also testified that after hearing his daughter call, he remembered nothing further. "Don't know if I fainted or what it is. I don't remember nothing after that." To the query, "But you didn't become unconscious did you when you coughed?" he replied, "Well, I do afterwards . . . After I through coughing sometimes I come right to right away."

Upon the evidence, the accident was due to one of two things: the defendant's carelessness, or his momentary loss of consciousness. Neither cause was conclusively established. The fact that the defendant showed no signs of unconsciousness at any time before the auto-

mobile left the highway, and that he recalled having heard his daughter's exclamation when it did so, tended to establish consciousness up to that time, at least. His failure to reply to his daughter might reasonably be attributed either to an inability to speak because of the coughing spell, or to his sudden absorption in management of the automobile following the warning.

At no time did the defendant testify positively that he fainted or became unconscious before the automobile left the road, and whether he did so at all was a matter of uncertainty. His testimony that he recalled the lights on the tree tended to show retention of his faculties to the time of collision.

If the defendant was found to have been in possession of his faculties, a finding of negligence was warranted, without resort to the doctrine of *res ipsa loquitur*. There was direct evidence from which it could be found that he failed to act when prudence reasonably called for action. "These facts make superfluous any discussion of the rule of *res ipsa loquitur*. From all the evidence, the jury could properly infer that the driver was negligent 'either in failing to observe or in failing to stop or in driving too fast.' . . . The plaintiffs assumed no greater burden than that of making it a little more probable than otherwise that the collision was caused by the defendant's negligence. They were not bound to disprove the existence of all other possible causes." *Bresnahan* v. *Company*, 88 N. H. 273, 275. The evidence did not require a belief that the defendant's coughing so far incapacitated him as to prevent him from slowing down or stopping until he was able to proceed in a normal way. It warranted a finding that when it occurred, he failed or was unable to keep a suitable lookout, and that reasonable care under the circumstances required that he reduce his speed or take some suitable precaution to keep the vehicle on the road.

The case is distinguishable from authorities such as *Cohen* v. *Petty*, 65 Fed. (2d) 820, and *Armstrong* v. *Cook*, 250 Mich. 180, cited by the defendant, where the evidence of the operator's sudden unconsciousness was uncontradicted or undisputed. The evidence in this case warranted the inference, without resort to presumption (cf. *Richards* v. *Parks*, 19 Tenn. App. 615), that the defendant was conscious during the time when saving action should have been taken. If his ambiguous testimony warranted the opposite conclusion, it did not compel it. The issue was for the jury.

The plaintiff's testimony that the automobile traveled two hundred feet after it started to the left of the road cannot be held to preclude

consideration of the curve as a factor in the accident. There was evidence that the curve was five hundred feet from the pole with which the car collided. The defendant conceded that his coughing commenced "in the bend," and there is nothing to indicate that the vehicle did not thereafter travel three hundred feet before the plaintiff realized that it was leaving the road. Moreover, the circumstances under which her observations of distances were made were not sufficiently favorable to obviate the possibility of mistake. See *Colby* v. *Avery*, 93 N. H. 250; *Keck* v. *Hinkley*, 90 N. H. 181, 185. The issue of the defendant's fault was for the jury to determine upon all the evidence.

*Exceptions overruled.*

All concurred.