67 So.2d 830

**WILLIAMS et al. v. WERT et al.**

6 Div. 566.

Supreme Court of Alabama.

Oct. 29, 1953.

Wm. S. Pritchard, A. W. Jones, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellants.

Hugh A. Locke and Reid B. Barnes, Birmingham, for appellees.

PER CURIAM.

This is an appeal by complainants from a decree of the lower court denying an application for a temporary injunction. It was heard after being set down as provided in section 1054, Title 7, Code, and an appeal taken as provided in section 1057, Title 7.

The injunction is sought against Thomas W. Wert, president of the American Life Insurance Company, Elsie B. Montgomery, vice-president and Hugh Locke, general counsel, stockholder and director of said company, and it is to prevent them from voting at the annual stockholders' meeting to be held on March 17, 1953, the stock which each of them holds and owns in the American Life Insurance Company, an Alabama corporation, and also from voting stock for which proxies have been granted them by other stockholders. The decree refusing to issue a temporary injunction is dated March 16, 1953. An appeal was taken immediately thereafter to this Court. On March 17, 1953, the day on which the stockholders' meeting was to be held, and was held, a motion was made in this Court by appellant for a restraining order pending the appeal. That motion was denied on hearing both parties.

On the submission of the cause in this Court, appellees have moved to dismiss the appeal and presented an affidavit to the effect that on March 17, 1953, the annual stockholders' meeting was held and at said meeting twelve directors were elected, including the said Thomas W. Wert, Elsie B. Montgomery and Judge Hugh Locke. At said election voting for said directors were the owners of 7800 shares of stock over and above the total number of shares owned by said three persons above mentioned, and 1119 such shares were voted for others to be directors; that 30,410 shares were voted for those twelve, including the three above named by proxy cast by Judge Locke and 257 shares were cast by proxy against their election. Those 257 shares were owned by three persons, one of whom is a complainant in this case.

As stated above, the injunction was sought against the defendants restraining them from voting the stock they own and that for which they have a proxy at said annual stockholders' meeting. It did not seek to enjoin them from voting for Thomas W. Wert, Elsie B. Montgomery and Hugh A. Locke to be directors, but from voting at all at said meeting either their

own stock or that for which they had a proxy.

The motion to dismiss the appeal because the right to an injunction, if it ever existed, has become moot since the appeal was taken, is dependent upon whether the event which occurred pending the appeal makes a determination of the appeal unnecessary or renders it impossible for the appellate court to grant effectual relief. Gaines v. Malone, 242 Ala. 595, 7 So.2d 263; Coleman v. Mange, 238 Ala. 141, 189 So. 749.

But the rule also is that after notice is served of an application for a temporary injunction which is not granted, defendant acts at his peril and is subject to the power of the court to restore the status quo. Mead v. Eagerton, 255 Ala. 66, 50 So.2d 253.

So that the question as to the equity of the bill is not alone whether the event sought to be enjoined has occurred, but also whether in doing the act defendant had notice of the application and whether it is within the power of the court to restore the status. But the equity of the bill does not control the question of whether this appeal should be dismissed. If there is equity in the bill sufficient to enable the court on final hearing to restore the status, a matter not here considered, that does not justify the issuance of a temporary injunction against doing an act which has already been done. A temporary injunction acts prospectively. Pierce Nat. Detective Agency v. Pierce Detective Agency, 217 Ala. 594(6), 117 So. 191. The court cannot enjoin an act which has occurred. 43 C.J.S, Injunctions, § 29, page 461, note 71. But on final hearing sometimes the court will restore the status by a permanent mandatory injunction. Mead v. Eagerton, supra; 43 C.J.S., Injunctions, § 5, page 411, note 37. We have no such question on this appeal.

The motion to dismiss the appeal should be granted.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Motion to dismiss the appeal granted.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.