79 So.2d 431

**STATE ex rel. E. C. LLOYD et al.**

v.

**George T. MORRIS et al.**

**7 Div. 252.**

Supreme Court of Alabama.

April 7, 1955.

Roy D. McCord and Jas. F. Hinton, Gadsden, for appellants.

Walter J. Merrill, Knox, Jones, Woolf & Merrill, Anniston, for appellees.

STAKELY, Justice.

H. B. Blackwell (appellee) is Chairman of the City Democratic Executive Committee of the City of Anniston. A Democratic Primary was held in the City of Anniston on March 16, 1954 with a run-off on March 30, 1954 for the nomination of Democratic Candidates for the Board of Commissioners of the City of Anniston. George T. Morris (appellee) was duly elected and certified as the Democratic Nominee for the position of Chairman of the Board of Commissioners of the City of Anniston.

The appellants thereafter filed a petition for writ of quo warranto in the Circuit Court of Calhoun County, calling on H. B. Blackwell to show by what right, warrant or authority he issued the certificate of nomination to George T. Morris and calling on George T. Morris to show by what right, warrant or authority he claimed to be the Democratic Nominee for said office. Demurrers to the petition for quo warranto were sustained and the petition dismissed. From this judgment of the court this appeal was taken on May 19, 1954. The case was submitted in this Court on January 11, 1955.

Since the filing of this appeal a general election was held in the City of Anniston on September 7, 1954. § 416, Title 62, Code of 1940. In this election George T. Morris was elected to the position of Chairman of the Board of Commissioners of the City of Anniston for a term of four years commencing October 4, 1954. § 424, Title 62, Code of 1940. He took the oath of office, filed the required bond, otherwise qualified for the office as required by law and entered into the performance of the duties of this office on October 4, 1954. Accordingly he is now the duly elected, qualified and acting Chairman of the Board of Commissioners of the City of Anniston for the term expiring in October 1958.

This Court has held that if an event pending appeal makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. Coleman v. Mange, 238 Ala. 141, 189 So. 749; Gaines v. Malone, 242 Ala. 595, 7 So.2d 263; Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553; Williams v. Wert, 259 Ala. 557, 67 So.2d 830.

Accordingly the present appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.