84 So.2d 748

**W. R. MOORE**

v.

**R. C. COOKE.**

**6 Div. 781.**

Supreme Court of Alabama.

Jan. 19, 1956.

Robert D. Norman, Birmingham, for appellant.

Bainbridge & Mims, Birmingham, for appellee.

**100**

LAWSON, Justice.

This is an action in damages for property damage and for personal injuries arising out of a collision between an automobile owned and driven by defendant and an automobile owned by plaintiff in which he was riding, but which was being driven by his daughter.

The collision occurred on the Rocky Ridge Road in Jefferson County, which road runs generally east and west.

The case was tried on Count 1 for simple negligence, Count 2 for wanton injury, and the plea of the general issue in short by consent in the usual form.

There was jury verdict for plaintiff, Cooke, in the amount of $6,365. Judgment followed the verdict. The defendant's motion for new trial was overruled and denied after plaintiff filed a remittitur of $1,365 and after the original judgment was reduced to $5,000. The defendant, Moore, has appealed to this court.

In brief filed here on behalf of appellee, plaintiff below, it is suggested that the appeal may be subject to dismissal by this court of its own motion for the reason that the questions for decision have become moot because of the payment of the judgment by the defendant's insurance carrier.

■ The general rule is that an appeal is subject to dismissal if, pending the appeal, an event occurs which makes a determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief. Williams v. Wert, 259 Ala. 557, 67 So.2d 830; Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553; Gaines v. Malone, 242 Ala. 595, 7 So. 2d 263; Coleman v. Mange, 238 Ala. 141, 189 So. 749.

■■ We have said that when it is apparent from the record before us that the questions presented have become moot (or the appeal abandoned), this court will dismiss the appeal ex mero motu. Francis v. Scott, 260 Ala. 590, 72 So.2d 93. However, the rule has long obtained in this state that the mere payment of a judgment by a judgment debtor does not work a waiver of the right of appeal. First Nat. Bank of Birmingham v. Garrison, 235 Ala. 94, 177 So. 631, and cases cited. See Freeman on Judgments, 5th Ed., § 1165, p. 2410. We think that principle has application here, for if it can be said that the record before us sufficiently shows a payment of the judgment from which this appeal is taken, it is conceded that such payment was made by the insurance carrier on the defendant's behalf.

The plaintiff's car was traveling west, the defendant's was going east. The weather was dry and visibility was excellent; the time was between five and six o'clock on the afternoon of Saturday, September 6, 1952. The collision occurred at a point 300 to 350 feet east of a bridge which is situate at the bottom of two hills and on a curve. The defendant's car had crossed the bridge at the time of the collision.

The evidence is clear, in fact it is without dispute, that at the time of the impact

the plaintiff's automobile was partly on the northern shoulder of the road and that the defendant's car had left the southern lane and had crossed into the northern lane in which plaintiff's car had been proceeding in a westerly direction.

The testimony of the plaintiff and that of his daughter is to the effect that just prior to the collision the defendant's automobile was traveling at a speed of seventy to eighty miles an hour and that their car was moving at a speed not in excess of thirty-five miles.

The defendant and his wife both testified, but their testimony is not in conflict in many respects with the testimony offered on behalf of the plaintiff. In fact, Mrs. Moore's testimony sheds no light whatever on the question as to how the collision occurred. She and the defendant both testified she was asleep at the time of the accident and had been asleep for thirty minutes prior thereto.

The defendant testified that he and his wife were returning to their home in Birmingham in a new automobile from a visit to his mother in Montgomery when the collision occurred; that from the time he left Montgomery until he reached a point approximately 500 feet west of the place where the collision occurred, he tried to keep the speed of his car between thirty and forty miles an hour, but he might have exceeded that limit "a little bit"; that when he reached a point approximately 500 feet west of the point of collision he "began to feel numb and stiff like, and choking"; that he couldn't speak and couldn't raise his foot off the accelerator at the time of the seizure; that within a few seconds after the seizure he became unconscious and remembers nothing about the accident; that he has no recollection of driving his car across the bridge, around the curve, and into the automobile belonging to plaintiff.

The appellant offered no testimony, medical or otherwise, in support of his statement that he became unconscious in the manner and at the time indicated above. But based on his testimony alone to that effect the appellant insists that he was entitled to the affirmative charges with hypothesis as to both counts, which charges he duly requested in writing.

Appellant has cited cases from other jurisdictions wherein it has been held that a driver of an automobile is not liable for injuries sustained in a collision which resulted solely from the fact that the driver fainted or became unconscious from an unforeseen cause immediately before the collision.

The case at bar is distinguishable from authorities such as Cohen v. Petty, 62 App. D.C. 187, 65 F.2d 820; Armstrong v. Cook, 250 Mich. 180, 229 N.W. 433; and Weldon Tool Co. v. Kelley, 81 Ohio App. 427, 76 N.E.2d 629, cited by the appellant, where the evidence of the driver's sudden unconsciousness was uncontradicted or would support no other reasonable inference.

The plaintiff below, appellee here, testified: "Shortly before the impact I saw him [defendant] straighten up, stiffen himself suddenly as a person applying the brakes, and seemed to be fighting the wheel trying to regain control of his car." And the testimony of an investigating officer is in substance that appellant's car traveled forty-two feet with a full application of its brakes immediately before it collided with appellee's car. As before indicated, from the point where appellant says he first lost consciousness his automobile proceeded in the proper lane down a hill, across a bridge situate on a curve to the right, and had proceeded a number of feet up another hill before it crossed into appellee's lane of travel and crashed into his automobile. The pictures of the locus in quo, introduced in evidence and certified here for our inspection, show that the curve was not as slight as appellant contends and as appellee at one place in his testimony described it.

In dealing with the affirmative charges refused the defendant, we must look to the strongest tendencies of the evidence for plaintiff. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164. And when the evidence before us is so viewed, we are clear to the conclusion that the ques-

tion as to whether the appellant lost consciousness prior to the collision, as he claimed, was for the jury's determination. Lagasse v. Laporte, 95 N.H. 92, 58 A.2d 312; Driver v. Brooks, 176 Va. 317, 10 S.E.2d 887; Waters v. Pacific Coast Dairy, Inc., 55 Cal.App.2d 789, 131 P.2d 588; Meyers v. Tri-State Automobile Co., 121 Minn. 68, 140 N.W. 184, 44 L.R.A.,N.S., 113; Holmes v. McNeil, 356 Mo. 846, 204 S.W. 2d 303.

■ In view of the testimony offered on behalf of the appellee concerning the rate of speed at which the appellant was driving his car at the time of the collision, the exact condition of the roadway at the place of the accident was a matter of considerable importance in connection with the charge of wantonness, for the evidence showed that the appellant was familiar with the road and knew that it was heavily traveled during the late afternoon hours, the time of the collision. A diagram drawn on a blackboard showing the locus in quo was used in the examination of witnesses. It was admitted in evidence by agreement and presumably was before the jury; in fact, the trial court stated to the jury in its oral charge: "Gentlemen of the jury, by agreement the blackboard is in evidence and will be available to the jury." The diagram drawn on the blackboard is not before us. Under these circumstances this court cannot review the action of the trial court in declining to give the affirmative charge requested by the defendant in regard to the wanton count. Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Godfrey v. Vinson, supra; Alabama Power Co. v. Jackson, 232 Ala. 42, 166 So. 692. See Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

■ The trial court in its oral charge instructed the jury as to the issues involved, saying in substance that the defendant interposed two defenses, the general issue and contributory negligence as to the simple negligence count. No reference was made in the oral charge to the testimony adduced by the defendant going to show that he lost consciousness prior to the collision, nor was the jury informed that the

defendant relied on such a defense or of what such a defense consisted. But that failure or omission does not constitute reversible error. Perez v. Still, 219 Ala. 340, 122 So. 354; Sovereign Camp, W. O. W. v. Screws, 218 Ala. 599, 119 So. 644; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4. The remedy in such a situation is to request appropriate written instructions.

The defendant did request several written instructions designed to cover, according to his brief filed here, "the proposition that sudden loss of consciousness, while driving an automobile, by virtue of an unforeseen cause, is a complete defense to a charge of negligence or wantonness." All of such charges were refused and the refusal of several of them the defendant contends constitutes reversible error.

■ Charges 30 and 33 merely assert abstract propositions and even if it be said that such propositions are correct the charges were refused without error, for we have said that: "A charge which merely states an abstract proposition of law without instructing the jury its effect upon the issues in the case on the trial may be refused without error." Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388, 391. To like effect see Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171; Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216.

■ Charges 43, 44, 47 and 48 were refused without error for the reason, if for no other, that each of them omits any reference to proximate cause. Under these charges the defendant would be exonerated although he did not lose consciousness until after he had acted so negligently or wantonly, as the case may be, as to have proximately caused the collision.

■ We have heretofore held that the wanton count was supported by the evidence, hence the trial court properly refused Charge 28, which ignores the wanton count. Buchanan v. Vaughn, 260 Ala. 482, 71 So.2d 56; Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547. Cf. Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516.

As shown above, the trial court on motion for a new trial, because the verdict was excessive, reduced the amount of the judgment to $5,000. The appellant is not satisfied with the extent to which the original judgment was reduced. Whether we should still reduce it involves a review of the trial court's judgment based upon his observation of plaintiff, who testified in the case, as well as that of all the witnesses and other incidents of the trial which cannot be reflected in a transcript. The plaintiff sought damages not only for bodily injury and for property damage to his automobile, but for the physical pain which he suffered as a result of the collision, and under the wanton count the jury could award punitive damages. We are not willing to set aside the trial court's judgment in this regard. Luquire Funeral Homes Ins. Co. v. Turner, 235 Ala. 305, 178 So. 536.

We conclude, therefore, to affirm the judgment.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MAYFIELD, JJ., concur.