121 So.2d 885

**L. H. McDONALD, as Chairman of the Court of County Commissioners of Winston County, et al., as Members, and Winston County,**

**v.**

**Clarence LYLE, Individually and as Chairman of the Board of Revenue of Winston County, et al.**

**6 Div. 517.**

Supreme Court of Alabama.

June 30, 1960.

Chas. Tweedy, Jr., Tweedy & Beech, Jasper, and Posey & Posey, Haleyville, for appellants.

Rankin Fite, Hamilton, and Fite & Fite, Jasper, for appellees.

MERRILL, Justice.

The appellees, Lyle, Snoddy and Kelly, were appointed members of the Board of Revenue of Winston County, pursuant to Local Act No. 84, 1955 Acts, p. 327. They filed a bill for declaratory judgment against appellants, as members of the Court of County Commissioners of Winston County.

The main purpose of the suit is to declare the rights, if any, of the appellees to

their salary, the warrants for which the appellants refused to approve since August, 1957. The trial court found in favor of complainants and ordered Winston County, not a party to the suit, to pay the salaries. After the final decree, Winston County filed a motion to set the decree aside and appellants filed a motion for a new trial. Both motions were overruled on April 16, 1959.

A history of local legislation affecting the governing body of Winston County is required to properly understand this suit.

Up until 1939, the regular Court of County Commissioners, headed by the Probate Judge, was the governing body. In 1939, Act No. 333 created a Highway Board. This board took over all duties as to roads and bridges and all funds for such work. But the Court of County Commissioners remained the governing body and attended to all matters not pertaining to roads.

In 1955, Act No. 84 abolished the Highway Board and created in lieu thereof a Board of Revenue. Act No. 84 also abolished the Court of County Commissioners, but the abolition was postponed until the end of the term of the then commissioners, which would be January 18, 1959. After that time, the Board of Revenue would assume all the duties of a county governing body.

The complainants are the members of the Board of Revenue who were appointed after the passage of Act No. 84 in 1955.

But in 1957, the Legislature passed Act No. 111, which took away from the Board of Revenue all the duties with reference to roads and placed such authority in the State Highway Department. (Section 11 of Act No. 111 contained a referendum feature, but we are advised in brief that the voters of Winston County approved the transfer of the road system to the Highway Department.)

This suit was filed by appellees in December, 1957. The cause was heard on August 6, 1958. Decree was rendered Decem-

ber 1, 1958; motion to set aside decree filed December 31, 1958, and motion denied April 16, 1959. Appeal to this court was taken on September 25, 1959.

Appellees filed a motion to dismiss the appeal on the ground that the appeal is moot because the Court of County Commissioners had been abolished before the appeal was taken.

As already stated, the Court of County Commissioners was abolished by operation of law on January 18, 1959, and the duties of the members of the court were assumed by the appellees as members of the Board of Revenue, and since that date, appellants have had no office or duties in connection with the county government of Winston County.

This court has held that if an event pending appeal makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. State ex rel. Lloyd v. Morris, 262 Ala. 432, 79 So.2d 431; Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553; Gaines v. Malone, 242 Ala. 595, 7 So.2d 263; Coleman v. Mange, 238 Ala. 141, 189 So. 749; 5. C.J.S. Appeal & Error § 1362.

Here, the event happened after the hearing and decree in the circuit court but before the appeal was taken. We see no reason why the rule stated should not also apply even before the appeal is pending.

We note that the distinction in Bradford v. State, 226 Ala. 342, 147 So. 182, as explained in Willis v. Buchman, 240 Ala. 386, 199 So. 892, 132 A.L.R. 1179, does not here apply.

The instant suit was against individuals in their capacity as members of the county governing body, and in the absence of the county as a party to the suit for a declaratory judgment, these individuals had no standing in the suit after their offices had been abolished. They could not be ordered to approve warrants which they now have

no authority to approve, nor to pay any salary from funds over which they now have no control. If we reversed the decree, appellants could do nothing about it, and they have not appeared here as taxpayers but as county officials.

The motion of appellees to dismiss the appeal by the individuals who were formerly members of the Court of County Commissioners of Winston County is due to be granted on the ground that the case has become moot.

 When the trial court decreed that Winston County should pay the salaries to the members of the Board of Revenue, Winston County appeared specially and moved the court to set aside the decree insofar as it related to Winston County on the ground that Winston County was not a party to the suit, and the court had no jurisdiction of Winston County because the county was not before the court. This motion was overruled and Winston County has appealed from that order.

The record shows on its face that Winston County was not a party to the suit.

Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the subject matter or of the defendant, it is the duty of the court, on application by a party having rights and interests immediately involved, to vacate the judgment or decree at any time subsequent to its rendition. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; and where the judgment or decree is void on its face, the court rendering it has inherent power to vacate it on motion, and such power is not dependent on statute. Colquett v. Williams, 269 Ala. 383, 113 So. 2d 347; Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915. Appeal is the proper remedy where the trial court fails to vacate such void judgment or decree. Robinson Co. v. Beck, 261 Ala. 531, 74 So. 2d 915; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116.

It therefore follows that the trial court should have granted the motion of Winston County to set aside that part of the decree ordering it to pay out any money for any purpose.

The decree is reversed insofar as it relates to Winston County, and the cause is remanded to the court below in order that the decree may be amended so as to exclude Winston County.

The costs of this appeal shall be divided equally between the original complainants and the original respondents in the cause.

Appeal dismissed as to the applicants who were the original respondents in the cause, and reversed and remanded as to appellant Winston County.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN, and COLEMAN, JJ., concur.