122 So.2d 736

STATE of Alabama ex rel. CITY OF PRICHARD

v.

Vernol R. JANSEN, as Judge of Probate, Mobile County.

1 Div. 896.

Supreme Court of Alabama.

Aug. 18, 1960.

Vincent F. Kilborn, Holberg, Tully, Hodnette & Mobley, and Mitchell G. Lattof, Mobile, for appellants.

Fred G. Collins and Harry Seale, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from a final judgment of the Circuit Court of Mobile County denying on the merits a writ of mandamus against the Judge of Probate of Mobile County, dismissing the proceeding and taxing the costs against the relator, City of Prichard.

On January 18, 1960, City of Prichard filed a proceeding to annex adjacent territory under Tit. 37, §§ 138–187, Code 1940, which permits the voters of the territory proposed to be annexed to determine whether the territory shall be brought into the city. Two days later, the City of Mobile filed a similar proceeding to annex the same territory, together with some additional land not included in the Prichard petition. The cities of Prichard and Mobile had a coterminous boundary line prior to the beginning of the instant proceeding, and the annexation of this territory by either would extend that line.

No question is involved with the regularity of the adoption of the respective proceedings.

Confronted with two rival proceedings, the respondent, Probate Judge Vernol R. Jansen, set both elections on the same day, since Tit. 37, § 187 provides:

"After an election has been held in any territory under the provisions of this or any other similar law, no other or subsequent election shall be ordered or held for the same territory or any part thereof within twelve months next after said election."

The election officers, the ballots and the boxes were different but the voters were the same except as to the additional territory covered in the Mobile petition.

The petition for writ of mandamus was filed in the circuit court against the probate judge. A "show cause" order was issued and the probate judge answered the writ. The hearing on the merits was before Judge Robert T. Ervin, Jr. and Judge William V. McDermott and, when concluded, the proceedings were dismissed, and City of Prichard appealed.

A motion was filed to dismiss the appeal on the ground that the question has become moot because the elections were held and the voters in the territory voted against annexation to Prichard but for annexation to Mobile.

The motion to dismiss must be granted. We copy from appellant's brief as follows:

"The original prayer for the writ asks the Court to:

"a) Command and require him to vacate, set aside and hold for naught his order entered January 27, 1960— (in the Mobile proceeding), which order directs the holding of the election, appoints officers etc.; or

"b) To show cause why he should not be required to vacate it or to designate another and later date for the conduct of the Mobile election, etc;

"c) Or if mistaken then the prayer seeks a writ in the nature of mandamus.

, · to vacate the order fixing the time of the Mobile election; or

"(d)   Set another time etc."

It also contained a general prayer for relief.

All of these requests are concerned with the holding of the election. Appellant admits in its reply to the motion to dismiss that the election has been held, the results canvassed and proper orders made pursuant to the results. Appellant's answer to the motion also states that quo warranto proceedings, "taking the points, with others, that are raised on the appeal in this cause," have been filed in the Circuit Court of Mobile County.

It is not the practice of courts to decide cases after the time when a judgment may be made effective. Nor is it customary to decide questions of importance, after their decision has become useless, merely to ascertain who is liable for the costs. Agee v. Cate, 180 Ala. 522, 61 So. 900; Coleman v. Mange, 238 Ala. 141, 189 So. 749.

We have held that if an event, pending appeal or happening after judgment but before the appeal was taken, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal will be dismissed. McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885; State ex rel. Lloyd v. Morris, 262 Ala. 432, 79 So.2d 431; Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553.

Here, the petition for mandamus was concerned with the order for the holding or with the postponing of the election, which has since been held, and action taken based upon its results. That question is now moot.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.