PER CURIAM.
The Board of Adjustment for the City of Montgomery appeals from a decision of the Circuit Court of Montgomery County granting a variance to appellee-Priester.
The dispositive issue before this court is whether the case is now moot. We find that it is and dismiss the appeal.
The record reveals the following pertinent facts: Priester applied to the Board of Adjustment for the City of Montgomery for a variance from a zoning ordinance of the City. The purpose of the variance was to permit Priester to have three or more mobile homes or trailers on a tract of land she owned. In July of 1976, the Board of Adjustment denied Priester’s request for a variance. The Board stated “that this should be rezoned to the proper district for a mobile home dwelling park.”
Thereafter, Priester filed notice of appeal pursuant to Tit. 37, § 783, Code of Alabama. In January of 1977, the circuit court held a de novo ore tenus hearing and granted the variance. In February of 1977, the Board of Adjustment, through able counsel, filed notice of appeal with this court.
Subsequent to the Board of Adjustment’s perfection of this appeal, Priester requested a rehearing before the Board. She stated that one of the mobile homes which were the subject of the litigation had been removed from her property, and she requested a temporary permit of one year for the two remaining mobile homes. The Board of Adjustment granted her request in May of 1977.
Appellee-Priester correctly contends this appeal is moot and therefore warrants dismissal.
“The general rule is that an appeal is subject to dismissal if, pending the appeal, an event occurs which makes a determination of the appeal unnecessary .” Moore v. Cooke, 264 Ala. 97, 100, 84 So.2d 748, 749-50 (1956).
Accord Grant v. City of Mobile, 50 Ala.App. 684, 282 So.2d 285, cert. denied 291 Ala. 458, 282 So.2d 291 (1973). See Shelton v. Shelton, 248 Ala. 48, 26 So.2d 553 (1946); Coleman v. Mange, 238 Ala. 141, 189 So. 749 (1939); 2A Ala. Digest Appeal & Error @=781(1), (4). For this court to decide an appeal, a justiciable controversy must exist at the time the matter is under submission to this court. City of Mobile v. Scott, 278 Ala. 388, 178 So.2d 545 (1965). While it is clear that a justiciable controversy existed when notice of appeal was perfected by the Board of Adjustment, no such controversy now exists.
The subject matter of this litigation involves appellee-Priester’s right to retain certain mobile homes on her property without making the improvements necessary to comply with the provisions of the zoning ordinance of the City of Montgomery regarding trailer parks. The Board of Adjustment originally denied Priester’s request for a variance to allow the mobile homes to remain on her premises. However, subsequent to the entry of the judg *532 ment by the Circuit Court of Montgomery County, Priester and the Board of Adjustment reached agreement concerning the disposition of the mobile homes. Priester, contrary to continuing to seek a permanent variance for three mobile homes as granted by the judgment of the Circuit Court of Montgomery County, sought temporary permits for two. Such permits were granted by the Board of Adjustment. Hence, there is no longer a conflict or controversy between the parties.
We do not perceive, nor have the parties informed us of any “collateral rights” which are dependent upon and would be left undetermined by dismissal of this appeal. See Grant v. City of Mobile, supra. Accordingly, the appeal is to be dismissed.
APPEAL DISMISSED.
All the Judges concur.