ARMSTRONG v. COOK.

MOTOR VEHICLES—NEGLIGENCE—FAINTING OR LOSING CONSCIOUSNESS NOT ACTIONABLE NEGLIGENCE.

Where sole proximate cause of automobile striking pole after crossing intersection was driver's fainting or losing consciousness, guest or gratuitous passenger riding in automobile could not recover damages for injuries so received; fainting or losing consciousness not being actionable negligence.

Error to Kent; Dunham (Major L.), J. Submitted January 10, 1930. (Docket No. 73, Calendar No. 34,406.) Decided March 7, 1930. Rehearing denied June 2, 1930.

Case by Ida J. Armstrong against Ray G. Cook and another for personal injuries. From a verdict and judgment for plaintiff, defendants bring error. Reversed, without a new trial.

*William J. Landman* and *Fred P. Geib,* for plaintiff.

*Mason, Alexander & McCaslin* and *Clifford J. Mitts,* for defendants.

CLARK, J. Plaintiff was the guest or gratuitous passenger of her daughter Alice J. Cook, who was driving the car of her husband, the other defendant, Ray G. Cook. The mother sat in the back seat and the daughter in the front seat of the coupé. The mother and daughter had been working, moving household goods, and were on their way to the home of a friend for dinner. Driving south on Union avenue in Grand Rapids and coming to the intersection with Fulton street, the daughter brought the car to a stop, or almost to a stop, and then pushed the control into second. The car crossed the intersection, collided with a pole on the side of the street, and plaintiff was injured. The daughter was "tired," "rather tired," "tired and worn out." When she started to cross the intersection, she lost consciousness, or fainted, and recovered at the moment of the impact. Plaintiff had verdict and judgment. Defendants bring error.

There can be no recovery, no negligence of defendants being shown. Verdict for defendants ought to have been directed as requested.

If the daughter did not bring the car to a full stop at the intersection, if it continued to "move a little," it makes no difference, for this has no causal relation to the accident. The sole proximate cause of the accident was the daughter's fainting, or losing consciousness, which is not actionable negligence.

Reversed without new trial. Costs to defendants.

Wiest, C. J., and Butzel, Potter, Sharpe, North, and Fead, JJ., concurred. McDonald, J., did not sit.