[Civ. No. 12233.   First Dist., Div. Two.   Nov. 30, 1942.]

ROBERT WATERS, a Minor, etc., et al., Plaintiffs and Respondents, v. PACIFIC COAST DAIRY, INC. (a Corporation) et al., Appellants; LIMITED MUTUAL COMPENSATION INSURANCE COMPANY (a Corporation), Intervener and Respondent.

F. E. Hoffmann and J. W. Coleberd for Appellants.

John L. McNab and Robert W. Scott for Plaintiffs and Respondents.

Keith & Creede for Intervener and Respondent.

STURTEVANT, J.—On the 8th day of September, 1939, and for some time prior thereto, Clark S. Waters was an employee of West Coast Life Insurance Company. Limited Mutual Compensation Insurance Company was the insurance carrier of his employer. At the same time Oliver Gomez was employed by Pacific Coast Dairy, Inc., in the capacity of a truck driver. On the date last mentioned while transacting his employer's business Clark S. Waters was injured in an automobile collision near South San Francisco when the automobile which he was driving was struck by the truck which Gomez was driving. A few days after the accident Waters died. Later his heirs commenced this action against Pacific Coast Dairy, Inc. and Gomez. Limited Mutual Compensation Insurance Company intervened. The defendants answered and the action was tried before the trial court sitting without a jury. The trial court made findings in favor of the plaintiffs and from that judgment the defendants have appealed.

In paragraph IV of plaintiffs' complaint they alleged as follows: "At said time and place, defendant, Oliver Gomez, was driving, managing and operating an International van motor truck, California 1939 License No. PC-F 9155, in a southerly direction over and along said Bayshore Highway, and was approaching said Airport, in said San Mateo County. At said time and place said defendant, Oliver Gomez, so carelessly and negligently drove, managed and operated said motor truck that said truck, at a point on said Highway north of the entrance to said Airport and in close proximity thereto, hit and violently collided with the Nash automobile so being driven by Clark S. Waters, thereby causing personal injuries to Clark S. Waters, from which he died on September 13th, 1939. The injuries so sustained by Clark S. Waters and his death resulted directly and proximately from the careless and negligent operation of said motor truck by defendant, Oliver Gomez." Paragraph VI of the complaint in

intervention alleges the same facts. Both paragraphs were denied by the defendants but both paragraphs were found to be true and the answer of the defendants was found to be untrue. At this time the defendants contend that there was no evidence of negligence.

The defendant, Oliver Gomez, employee of the defendant, Pacific Coast Dairy, Inc., had left Salida, in the San Joaquin Valley, at 3:30 a. m. on the day of the accident. Loading his truck at various ranches, he drove through the night in the hot weather to San Francisco, arriving about 10 o'clock in the morning. He unloaded his truck, ate a rich Italian dinner consisting of macaroni, fish, mushrooms, sauce and beer and shortly after noon drove south on his return trip. At a point about opposite the San Francisco Airport his truck moved slightly off to the right hand side of the highway and then swung left at a right angle to the east directly across the four-lane highway and completely blocked the two north-bound lanes of the four-lane highway. In thus driving across the northbound highway the truck crashed into the Nash car of the deceased, Waters, demolishing the car and crushing Waters so that he died shortly thereafter in the hospital as a result of the injuries.

After colliding with the Nash car the truck and trailer continued forward completely crossing the highway and entered the adjoining field, and at a point about 100 feet from the highway plunged into a ditch, nose down.

The defendant Gomez testified that as he drove south and through the underpass that he was afflicted with a severe pain in his left arm and shoulder; that the pain was so severe he pulled out to the right and parked on the shoulder of the highway; that he got out of his truck, walked around it, and that presently the pain left; that he then felt all right, boarded his truck and again started south; that at a point about opposite the Airport the pain returned; that he felt as though he would pass out. He pulled to the right on the shoulder of the highway, lifted his foot to put on the brake, became unconscious and did not recall anything until after the accident. Continuing he testified that when he came to he was down on the floor of the cab and as he lifted his head he saw the water in the ditch.

Regarding his attack the defendant Gomez testified that he did not go to sleep, that the pain was too severe. He fur-

ther testified that he thought he had had a heart attack but that immediately after the accident he was taken to the hospital at South City and was there examined by Dr. Oliva. The doctor told him that his heart was all right. The next day he went to his family physician who made an examination and reported to him that his heart was all right. Several days later he went to the clinic of the University Hospital in San Francisco and was advised by the doctor in attendance that his heart was all right. He further testified that he had never had such attacks before or since. On the trial Dr. Oliva was called as a witness and corroborated the testimony given by Gomez. No other evidence was given by any witness regarding the health or physical condition of the defendant Gomez.

In reply to the defendants' contention that the record did not disclose any negligence on their part, the plaintiffs assert that the evidence showed that at the time and place of the accident the defendant Gomez, in violation of the provisions of section 525 of the Vehicle Code, drove the truck and trailer on the wrong side of the road and that such act was prima facie evidence of negligence on his part. That assertion the defendants controvert by making the claim that from the time the truck and trailer left the west side of the highway, crossed the highway and plunged into the ditch, that the defendant Gomez, the driver, was unconscious and therefore the said movements of the truck were not his acts and the defendants are not liable therefor. (Restatement of the Law, 1 Torts, § 2; *Cohen* v. *Petty,* 65 F.2d 820; *Armstrong* v. *Cook,* 250 Mich. 180 [229 N.W. 433]; *Richards* v. *Parks,* 19 Tenn. App. 615 [93 S.W.2d 639].) In *Cohen* v. *Petty, supra,* at page 821, the Court of Appeals of the District of Columbia stated as follows: "It is undoubtedly the law that one who is suddenly stricken by an illness, *which he had no reason to anticipate,* while driving an automobile, which renders it impossible for him to control the car, is not chargeable with negligence. *Armstrong* v. *Cook,* 250 Mich. 180 [229 N.W. 433]; *Slattery* v. *Haley,* Dom. Law Rep., 1923 (3), p. 156." (Italics ours.) See *Jones* v. *Pasco,* 179 Va. 7 [18 S.E. 2d 258, 138 A.L.R. 1385 and notes]; also 5 Am.Jur. 605, Automobiles, § 179.

The plaintiffs do not question the rule of law stated in *Cohen* v. *Petty, supra.* But, in legal effect, they claim the defendants' contention is incomplete. We think that is so.

Assuming, in the first place, that all of the testimony given by the defendant Gomez was true, it did not go far enough. It was to the effect that he did not have a heart attack and that he did not go to sleep. But it was positive to the effect that he became unconscious as he raised his foot to put on the brake and that he so continued until he came to in the bottom of the cab of his truck when it was nose down in the ditch. What was the cause of that attack? How long had he suffered from such cause? Why, as defendants now assert, did not Gomez *"have reason to anticipate"* such an attack at said time and place? The record contains no answers to those questions. Such proof should have been produced by the defendants. (*Haag* v. *Harris,* 4 Cal.2d 108, 110 [48 P.2d 1]; *Harrington* v. *H. D. Lee Mercantile Co.,* 97 Mont. 40 [33 P.2d 553, 559].) What we have just said assumes that all of the testimony given by the defendant Gomez was true. But the question whether it was true or otherwise was for the determination by the trier of the facts. Passing on a similar point in *Harrington* v. *H. D. Lee Mercantile Co., supra,* at page 560, the Supreme Court of Montana said: "Counsel for plaintiff argue that there were contradictions in Thompson's testimony, but we are unable to agree with the statement upon the record. However, he was an interested witness and his testimony on this vital issue, while appearing straightforward upon the printed page, may have seemed halting and evasive to the jury who are the sole judges of the credibility of witnesses. The demeanor of the defendant, his manner of testifying, the tone of his voice, the working of his face, the expression of his eyes may have caused the jury to discredit his explanation."

Moreover, as shown above and in particular in the case last cited, the operator of a motor vehicle is negligent if he fails to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. But the defendants did not show the nature of the attack Gomez suffered, nor the cause thereof, nor that he had no reason to anticipate such an attack. The presumption hereinabove mentioned was brought forward by the plaintiffs. The defendants were called upon to meet it. It remained in the case as part of the proof of the plaintiffs. (*Smellie* v. *Southern Pacific Co.,* 212 Cal. 540, 553 [299 P. 529].) Such a record presents a question of fact

and the determination of the trier of the facts is controlling on appeal. (*Purcell* v. *Goldberg,* 34 Cal.App.2d 344, 347 [93 P.2d 578].)

The judgment appealed from is affirmed.

Spence, Acting P. J., and Dooling, J. pro tem., concurred.