**WELDON TOOL COMPANY, Plaintiff-Appellant, v KELLEY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20666.   Decided November 3rd, 1947.

T. Edward McNamara, Cleveland, for plaintiff-appellant.
Davis & Young, Cleveland, for defendant-appellee.

**OPINION**

By SKEEL, J.

This action comes to this court as an appeal on questions of law from a judgment for the defendant entered in the Municipal Court of Cleveland.

The plaintiff was the owner of a Chevrolet truck which on the date of the accident (October 21, 1944) was parked on

the north curb of Payne Avenue just east of East 21st Street in the City of Cleveland. The defendant was then and there driving his automobile in a southerly direction on East 21st Street. When he came to the intersection of Payne Avenue with East 21st Street he brought his automobile to a stop because a police traffic signal light then in operation at said intersection displayed the red or 'stop' sign for East 21st Street traffic and green or 'go' for Payne Avenue traffic. There was one automobile in front of the defendant as he stopped at the intersection. When the traffic light changed so that East 21st Street traffic could proceed through the intersection, the defendant put his automobile in gear and started forward with other traffic. Just before he started he testified, "I had a pain once or twice suddenly and I put my hand against my heart." He further testified on cross-examination, when called by the plaintiff:

"Then I made a left turn. All of a sudden I got three or four jabs, all of a sudden, just like a knife was stuck in my heart and everything was getting dark, so I thought the best thing was for me to turn in the station, but before I got in everything was blank, I couldn't see.

Q. And you don't know what happened?

A. I know that I hit something but that is all.

Q. Do you remember anything of the accident?

A. Not until I went into the hospital.

Q. Do you remember standing in the street?

A. No, I do not.

Q. You don't remember talking to Mr. Marino?

A. No, sir.

Q. Do you remember the other car that was involved in this accident?

A. I do not.

Q. Well, do you know whether there was another car involved?

A. I don't know. I know I hit an object but what it was I don't know."

And in testifying in his defense, the defendant said in part:

"Q. And you stated that while waiting for the traffic light to turn green you had a couple of sharp pains in the region of your heart?

A. I had two severe pains in my left —— ——

Q. When the light changed to green did you start up?

A. Yes, sir. One car went west and mine turned east.

Q. You turned to the east? That would be to your left?

A. To my left.

Q. And after you had started to make the left turn did you get any more pains?

A. I got three or four or five, very sharp, and all of a sudden I started to blur, so I all of a sudden was kind of blurred.

Q. And from the time that you first got this blurry sensation, until the impact occurred, do you have any idea as to how much time elapsed?

A. It was maybe about a half a minute's time, because I made a sharp turn to get into Sharp's gas station to prevent—but before I got there I heard the car crash and I couldn't see how—I couldn't see the driveway. I couldn't see.

Q. You mean you had blanked out before you had hit this automobile?

A. Blacked out completely.

* * * * *

Q. Were you conscious at the time you hit this other automobile?

A. Yes, I was.

Q. Did you see the other automobile before the impact occurred?

A. I didn't see nothing. I know that I hit some kind of an object but what it was I couldn't tell you."

There is no other testimony in the record as to his physical and mental condition at the time of the accident, and there is no evidence that he had ever before been subject to a heart attack or "black out."

The plaintiff sets forth six claims of error, but in its brief says:

"We have assigned six (6) errors, which may be reduced for the purposes of this brief to one; that going to the finding and judgment of the Court."

We shall confine our consideration of the case, therefore, to the question as to whether or not the judgment is manifestly against the weight of the evidence or contrary to law.

There can be no question but that the defendant's automobile was being operated on the wrong side of Payne Avenue in violation of law when it struck the plaintiff's truck and therefore unless such conduct can be otherwise excused he would be guilty of negligence per se. As a part of the plain-

tiff's case, the defendant was called for cross-examination and when so called, testified that at the time of the accident he had "blacked out," was unable because of a sudden physical ailment to see or control his automobile. And there is no other evidence, medical or otherwise, which in any way challenged the truth of his statement.

In the case of **Satterthwaite v Morgan, 141 Oh St 447**, paragraph 1 of the syllabus provides:

"In directing a verdict for the plaintiff, the trial court must assume that all the facts claimed by way of defense and supported by evidence, are true, and must also find that they do not constitute a valid defense to the case made by the plaintiff." **Kormes v Cleveland Retail Credit Men's Assoc., 131 Oh St 471.**

The defendant to excuse his conduct in driving on the wrong side of Payne Avenue and striking the plaintiff's truck, when called by the plaintiff for cross-examination under the statute, and as above set forth, testified that at the time of the accident, because of a sudden physical ailment he "blacked out" and lost control of his car. This evidence was not challenged by any other testimony. If the court finds, therefore, that such was the fact the plaintiff's own evidence would fail to establish one of the essential elements of its case, that is, that the defendant was negligent.

In the Cyclopedia of Automobile Law & Practice, Volume 1, page 468, Sec. 656, the rule is stated as follows:

"Fainting or momentary loss of consciousness by the driver of an automobile, due to fatigue, is not in itself actionable negligence, and, if a driver stricken by paralysis or seized by an epileptic fit still continues with his hands on the wheel of an automobile which he is driving, and unconscious, so directs it as to cause its collision with another, he cannot be held negligent for the way in which he controls it. The holding is otherwise, if a driver is subject to frequent attacks of vertigo or similar affliction which renders him powerless to control a moving machine and, with full knowledge of such affliction, and its effect, intentionally runs a machine at a speed dangerous to other travelers and persons on the highway."

In the case of Cohn v Petty, 65 Fed. (2) District of Columbia (1933) the court had for consideration almost the identical question presented by the record before us. There the de-

fendant was stricken suddenly. The defendant testified as follows, which evidence was not contradicted:

"I was going along, just casually along, and I said, 'My, Tree, I feel awfully sick', and with that I went back like that (indicating) I just remember my hands falling off the wheel. I did not have time to think of any danger or anything else. I just fainted and passed out."

The court held:

"1. Evidence that automobile guest was injured in accident resulting from driver's sudden illness and fainting, **held,** insufficient to take to jury issue of driver's negligence.

2. One suddenly stricken by illness, which he had no reason to anticipate, while driving automobile which rendered it impossible for him to control car, was not chargeable with negligence."

The headnotes of the case of Slattery v Haley, 52 Ontario Law Reports, 95, are as follows:

"The defendant, driving his automobile along a city street, was taken suddenly ill, and without any preliminary symptoms or warnings, became unconscious, and fell back in his car. No one else was in the car which, thus left without any guidance, ran upon the sidewalk and coming in contact with a boy, so injured him that he died. The boy's father brought an action under the Fatal Accidents Act, R. S. O. 1914, Chp. 151.

**Held:** That the defendant was not liable. The use of the highway was lawful, and the only ground of liability was negligence—failure to discharge the duty of taking care. The sudden illness which overtook the defendant excused his failure to discharge that duty. The thing which caused the injury was something which he could not control.

To create liability for an act which is not wilful and intentional but merely negligent it must be shown to have been the conscious act of the defendant's volition."

And on page 99 of the Report, the Court said:

"I think that it may now be regarded as settled law that to create liability for an act which is not wilful and intentional but merely negligent, it must be shown to have been the conscious act of the defendant's volition. He must have

done that which he ought not to have done, or omitted that which he ought to have done, as a conscious being. Failing this, the occurrence is a 'mere accident' 'a pure accident' or, as it is often but not accurately put 'an inevitable accident'."

In the case of Armstrong v Cook, 250 Mich. 180, 229 N. W. 433 (1930) it appears that the plaintiff was a guest in an automobile driven by her daughter and owned by her husband. She sat in the back seat. She and her daughter had been working in moving household goods and the daughter had become considerably fatigued. At a street intersection, plaintiff's daughter brought the car to a stop and then pushed the controls into second gear. The car crossed the intersection, collided with a pole at the side of the street and the plaintiff was injured. As the car crossed the intersection, the daughter through sheer nervousness lost consciousness or fainted, recovering at the moment of the impact. Reversing a judgment for the plaintiff, the court held:

"Where sole proximate cause of automobile striking pole after crossing intersection was driver's fainting or losing consciousness, guest or gratuitous passenger riding in automobile could not recover damages for injuries so received; fainting or losing consciousness not being actionable negligence."

See also: Harrington v H. D. Lee Mercantile Co., 97 Mont. 40, 33 Pac. (2d) 553, (1934).

By the great weight of authority one who becomes suddenly stricken or loses consciousness due to an unforeseen cause, while driving an automobile, and as a proximate cause thereof injures another, cannot be charged with negligence under such circumstances.

The plaintiff having failed to establish any negligence on the part of the defendant, the court was correct in entering judgment for the defendant.

The judgment is affirmed. Exceptions.

HURD, PJ, and MORGAN, J, concur.