THE STATE, EX REL. CLEVELAND CONCESSION CO., APPELLEE, *v.* CITY OF CLEVLAND ET AL., APPELLANTS.

(No. 22026—Decided August 29, 1951.)

*Mr. Morton M. Stotter* and *Messrs. Spieth, Spring & Bell,* for appellee.

*Mr. Lee C. Howley,* director of law, *Mr. Joseph F. Smith* and *Mr. Parker Fulton,* for appellants.

FESS, J.   Upon separate appeals on questions of law by respondents and relator, the judgment of the Court of Common Pleas was affirmed in part and reversed in part and final judgment awarded respondents.  Incident to settling the journal entry, relator filed objections to the entry submitted by respondents upon the ground, among others, that the proposed entry fails to state the grounds of reversal as required by Section 12223-39, General Code.  Relator also requests the court to specify in writing the grounds of reversal under Section 12223-39, General Code.

Section 12223-21, General Code, provides in part that all errors assigned shall be passed upon by the court, and in every case where a judgment or order is reversed and remanded for a new trial or hearing, in the mandate to the court below the reviewing court shall state the error or errors found in the record upon which the judgment of reversal is founded.

In the instant case final judgment was entered for the respondents and the cause was not remanded to the court below for a new trial.  Upon a strict construction of the section, this court is not bound to state the grounds for reversal.

Section 12223-38, General Code, provides that when a judgment or final order is reversed, in whole or in part, the reviewing court shall render such judgment as the court below should have rendered, or remand the cause to that court for such judgment.

Section 12223-39, General Code, provides that the Court of Appeals or Common Pleas Court so reversing a judgment, upon the request of either party, shall specify in writing the ground or grounds of reversal, which shall be filed and kept with the papers in the case.

Construing these sections together, it appears that when a judgment is reversed and remanded for a new trial, the grounds for reversal must be stated, but when final judgment is entered, the grounds of reversal must be specified upon request of a party.

It has been held that the filing of an opinion is sufficient compliance with Section 12223-39, General Code. That decision, as well as Section 12223-39, General Code, ignores the principle that a court speaks only from its journal entry. *State, ex rel. Foxall,* v. *Cossairt,* 146 Ohio St., 328, 332, 65 N. E. (2d), 870. Query *Elio,* v. *Akron Transportation Co.,* 147 Ohio St., 363, 365, 71 N. E. (2d), 707 . It is therefore concluded that a reviewing court, entering final judgment, upon request is required to specify the grounds of reversal in writing and, in conformity with the doctrine that a court speaks only from its journal entry, the grounds should likewise be incorporated in the journal entry.

Relator objects also to the proposed entry because it does not recite that no other errors appear on the record, and thereby fails to comply with Section 12223-21, General Code. From the specification of the errors upon which the reversal is founded, it is presumed that in passing upon all errors assigned the court found the remaining errors nonprejudicial and overruled the same. *Weaver* v. *Columbus, Shawnee & Hocking Ry. Co.,* 76 Ohio St., 164, 81 N. E., 180.

Pursuant to the request, the grounds for reversal are specified in writing and will be filed with the papers in the case, and also such grounds are recited in the journal entry.

*Judgment accordingly.*

CONN, J., concurs.

FESS and CONN, JJ., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.