In re Lieberman.*

(No. 5048—Decided May 2, 1955.)

Mr. Emanuel H. Lieberman, in propria persona.
Mr. Arthur L. Rowe, Mr. Sidney G. Griffith and Mr. Earl H. Hamilton, for the committee.

Fess, J. This is a second review of an appeal on questions of law from a judgment of the Common Pleas Court finding the appellant guilty of unprofessional conduct involving moral turpitude and disbarring him from the practice of law. The facts are fully set forth in the former opinion of this court rendered April 12, 1953, and are not restated herein.

Contrary to the weight of authority outside Ohio and appellate decisions in Ohio, the Supreme Court has held that the degree of proof required in a disbarment proceeding is a mere preponderance of the evidence and has remanded the cause to this court to consider and pass upon the weight of the evidence in accordance with its opinion. *In re Disbarment of Lieberman*, 163 Ohio St., 35, 125 N. E. (2d), 328.

Upon the first review of the record on this appeal the writer concurred in the judgment of the other members of this court that there was no evidence to sustain the finding and judgment

---

*Motion to certify the record allowed, December 7, 1955. Cause remanded to the Court of Common Pleas as if remanded by the Court of Appeals on the weight of the evidence.

of the trial court. The cause has now been remanded to this court with specific directions to pass upon the weight of the evidence. Upon our first review of the appeal, it was apparent that a number of errors prejudicial to the defendant occurred in the conduct of the trial, but, having reached the conclusion that there was no evidence from which an inference of guilt could be found, it was unnecessary to refer to such errors in an already extended opinion.

Upon a second review of the record, the writer is convinced that the finding and judgment of the trial court is against the manifest weight of the evidence, but is perplexed as to the application of the "reasonable minds may differ" principle enunciated in *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246. In *Nelson Business College Co.* v. *Lloyd*, 60 Ohio St., 448, 54 N. E., 471, 71 Am. St. Rep., 729, 46 L. R. A., 314, Judge Minshall remarked: "The so-called 'scintilla rule' * * * is better calculated to confuse than enlighten the mind." Although rendered twenty years ago, the reasoning employed by Judge Bevis in the opinion in the *Hamden Lodge case* is the most enlightening discussion upon the subject now extant. The abstract principle of "whether reasonable minds may differ" is clear, but difficulty and confusion still arise to plague us in the application of the rule to a particular case. With no expectation of removing this confusion, but in the interest of formulating the writer's own idea of the application of the principle, an effort is made herein to analyze the subject.

In attempting to determine whether there is more than a so-called scintilla of evidence disclosed by the record in the instant case to sustain the finding and judgment, the opinions of the Supreme Court prior to the *Hamden Lodge case* have been examined in an effort to ascertain what was regarded as constituting a scintilla. In those opinions, the court employed expressions—"any evidence tending to prove" (*Williams' Lessee* v. *Burnet,* Wright, 53); "however slight it may be" (*Sperry* v. *Johnson* [1842], 11 Ohio, 453); *Hicks* v. *Person* (1850), 19 Ohio, 426, 442; "which the evidence in any degree *tends* to prove," limited to a slight extent by the expression "The evidence, and all reasonable inferences from it, conduces to establish" (*Ellis & Morton* v. *Ohio Life Ins. & Tr. Co.* [1855],

4 Ohio St., 628, 64 Am. Dec., 610). Later on in the opinion, Ranney, J., says: ''Wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a nonsuit can not be properly ordered: it is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a *prima facie* case for the plaintiff, a nonsuit can not be properly ordered.'' In that case there was evidence which clearly conduced to prove the existence of a general custom among banks of Cincinnati to make inquiry concerning persons seeking to cash checks. If this custom was established to the satisfaction of the jury, the fair inference arising therefrom would be that the defendant had been negligent in failing to comply with an established custom. It is to be further noted that the evidence in the *Ellis case* was substantial and the question was whether a reasonable inference of negligence could be inferred therefrom.

The *Ellis case* was followed by the following cases referred to in the *Hamden Lodge case*. In *Stockstill* v. *Dayton & Michigan Rd. Co.*, 24 Ohio St., 83, the opinion does not disclose the nature of the evidence upon which the nonsuit was reversed. In *Dick* v. *I., C. & L. Rd. Co.*, 38 Ohio St., 389, evidence that a train in charge of a conductor and engineer was racing another train at a dangerous rate of speed tended to make a case of liability against the railroad. As we view it, that case did not necessitate the application of the scintilla rule. In *Lake Shore & M. S. Ry. Co.* v. *Murphy* (1893), 50 Ohio St., 135, 33 N. E., 403, a wrongful death case, the court announces the reasonable minds doctrine and holds that the evidence as to contributory negligence on the part of the deceased made a case which, at least, was doubtful, and about which different minds might differ as to the proper inference to be drawn. Again, the scintilla rule was not involved. In *Cincinnati St. Ry. Co.* v. *Snell* (1896), 54 Ohio St., 197, 43 N. E., 207, 32 L. R. A., 276, in which Judge Spear questioned the application of the scintilla rule, the court holds that where the question as to whether the plaintiff exercised his faculties of seeing and hearing before attempting to cross defendant's tracks is in issue and the oral evidence tends to show that he did, while circumstantial evidence tends to disprove that claim, a condition is presented involving such variety

of circumstances from which different minds may reasonably arrive at different conclusions, thereby presenting a question for the jury.[2] Again there was no necessity for the application of the scintilla rule.

*Nelson Business College Co.* v. *Lloyd* (1899), 60 Ohio St., 448, 54 N. E., 471, 71 Am. St. Rep., 729, 46 L. R. A., 314, involved an action against an employer for an assault committed by its janitor, and the issue was whether the assault was personal or committed during the course of the employment. The court held that upon the inferences to be drawn from the evidence different minds may draw different conclusions, presenting a question for the jury. Note that the assault resulting in injury was conceded, but there was a conflict in the evidence as to whether it was committed incident to the employment or out of personal spite against the plaintiff—again no basis for application of the scintilla rule.

In *Gibbs* v. *Village of Girard* (1913), 88 Ohio St., 34, 102 N. E., 299, the court quotes extensively from the opinions of Judge Ranney in the *Ellis case* and Judge Spear in the *Cincinnati St. Ry. case*, and reaffirms the scintilla rule. But in this case the evidence was clear that the plaintiff was injured as a result of stepping into a two-inch hole in a sidewalk and the court, in reversing the direction of a verdict, held that the three grounds upon which the court had directed a verdict—contributory negligence, constructive notice of the defect and that the city was not liable for such defect—were questions for the jury.

In *Clark* v. *McFarland* (1918), 99 Ohio St., 100, 124 N. E., 164, the court held that some evidence, though slight, was offered tending to prove incapacity, and required submission of the case to the jury. The evidence referred to as ''slight'' consisted of the testimony of two physicians who said the testator was not of sound mind, and other testimony to the effect that testator was quite feeble, 83 years old, suffering great bodily pain, collapsed almost immediately after signing the will, and died within five days thereafter. To me such evidence is more

---

[2]This case may have been modified or overruled in *Patton, Admx.*, v. *Penna. Rd. Co.*, 136 Ohio St., 159—application of doctrine of uncontrovertible facts.

than a spark, glimmer or scintilla. But the Supreme Court reaffirmed the scintilla rule.

In *Sobolovitz* v. *Lubric Oil Co.* (1923), 107 Ohio St., 204, 140 N. E., 634, the court refused to extend the doctrine to include an inference upon an inference or beyond a reasonable inference drawn from a fact supported by evidence. Again the court dealt with inferences to be drawn from the evidence.

*Cleveland-Akron Bag Co.* v. *Jaite, an Infant* (1925), 112 Ohio St., 506, 148 N. E., 82, presaged the abandonment of the scintilla rule. The court objected vigorously to the employment of the term "scintilla" and held in paragraph one of the syllabus:

"If proof of a material fact necessary to establish negligence rests upon an inference only, the inference must be a rational one, such as could be reasonably arrived at from the facts and circumstances testified to."

The opinion states, at page 511:

"Everyone will concede that there is a division line between the functions of the court and jury; and there is no reason why such a standard should not apply to criminal as well as civil cases. Surely, in the former, no court should permit a case to be submitted to the jury if the state should rely upon merely a tittle, a glimmer, a minute particle, or an atom of evidence in support of the guilt of the accused. Upon this phase of the case the rule should be that evidence tendered upon every material fact necessary to be proven should not only be substantial in character, but should have a substantial probative value, supplying proof of such fact. If the fact relied upon has neither substantial weight nor value, and proof thereof is necessary, it is the court's function to so declare."

Although the court said there must be substantial evidence, the statement is not in accord with the syllabus. In the *Jaite* case there was substantial evidence which presented a jury question.

In *St. Marys Gas Co.* v. *Brodbeck, Admr.* (1926), 114 Ohio St., 423, 151 N. E., 323, the court still recognized the scintilla rule but sustained the direction of a verdict for the defendant, in effect applying the *Lubric Oil case* principle. Again the

court dealt with the inference to be drawn from the proved facts.

The second paragraph of the syllabus in *Jacob Laub Baking Co.* v. *Middleton* (1928), 118 Ohio St., 106, 160 N. E., 629, states:

"When the proof of the essential facts put in issue and the reasonable inferences deducible therefrom are such that the jury, as fair minded men, should reasonably arrive at but one conclusion, it is the duty of the trial court to direct a verdict in favor of the party which such proof sustains."

In *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683, without mentioning the scintilla rule, the court says:

"The conclusion, therefore, of the trial court, that her own evidence raised an inference of negligence on her part, proximately contributing to the injury, required the trial court to determine which of her several inconsistent answers were more probably true, and to base his inference upon that conclusion. In other words, the judge weighed her evidence, and determined that the weight thereof preponderated in favor of the theory that she had voluntarily passed into the unlighted stairway. He not only did not give to the most favorable portion of her evidence the most favorable interpretation in her behalf of which it was susceptible, but he gave to the most unfavorable portion of her evidence the most unfavorable interpretation toward her of which it was susceptible.

"Whenever in the trial of an action at law it becomes necessary to determine between conflicting statements of the same witness or of different witnesses wherein the truth most probably lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, the performance of that function is for the jury."

Again the court is to determine as a matter of law the reasonable inferences to be drawn from the evidence but may not weigh such evidence.

In 1934 the scintilla rule was abandoned and the *Ellis & Morton* and *Clark* v. *McFarland cases* were overruled. *Ham-*

*den Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246. The rule was adopted as follows:

"3. Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him.

"4. Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence."

With respect to the rule, the court said, at page 481:

"To permit the court to direct a verdict in every case where he would set aside a contrary verdict would, in our opinion, be an unwarranted invasion of the jury's province. That the weight of the evidence is at least primarily a question for the jury has long been recognized in Ohio both by the courts and by the Legislature.

"But to say that the court must send the case to the jury whenever there is any evidence, no matter how slight, which tends to support a party's claim, is, in extreme cases, to permit the jury to play with shadowy and elusive inferences which the logical mind rejects. Before the judge is required to send the case to the jury, there should be in evidence something substantial from which a reasonable mind can draw a logical deduction. If reasonable minds may draw different inferences, or reach different conclusions, a jury question is presented. But, if reasonable minds can reach only one conclusion, the jury should not be allowed to speculate upon the matter. To do so is to allow them the opportunity of returning a wholly unreasonable verdict.

"* * * *

"In our opinion, therefore, the question whether the case must be submitted to the jury should not be tested by asking whether there is any evidence, however slight, tending to support each material issue; it should be tested by asking whether

upon the evidence adduced reasonable persons might reasonably reach different conclusions. Before a verdict may be directed against a party, the evidence must be given the most favorable interpretation in his favor. If, after such interpretation, the court finds that upon any material issue only an adverse conclusion can reasonably be drawn, it should direct a verdict against him.''

A review of the cases mentioned in the *Hamden Lodge* opinion discloses that the court employed the terms ''however slight'' and ''scintilla'' by way of emphasis or in an argumentative sense. In practically all the cases there was substantial evidence presented from which reasonable minds could reach different conclusions. Such cases, therefore, throw no light on what was regarded as a scintilla of evidence. Although in the *Hamden Lodge case* the opinion says ''there should be in evidence something substantial from which a reasonable mind can draw a logical deduction,'' the word ''substantial'' does not appear in the syllabus, and the decision should not necessarily be construed as requiring substantial evidence. A trial court in passing upon a motion for direction of a verdict, and a reviewing court in entering final judgment, may not weigh the evidence nor consider the credibility of witnesses. They are limited to determining as a matter of law whether from the evidence reasonable minds can come to but one conclusion. In other words, the court deals only with the inferences to be drawn from the evidence, not its weight or credibility. As aptly said in *Berry* v. *State,* 31 Ohio St., 219, 27 Am. Rep., 506: ''Whether the evidence *tends* to establish a fact is a question of law. Whether it does establish it, is a question of fact.'' (Italics supplied.) Furthermore, where there is direct testimony in support of an issue, only a question of fact is presented and the ''reasonable minds may differ'' rule has no application.

The Supreme Court of Illinois has recently said: ''When the evidence is such that *without weighing the credibility of the witnesses,* and after considering it in its aspects most favorable to the plaintiff, there can be but one reasonable conclusion as to the verdict, it is held that courts must determine the proceedings by a directed verdict,'' etc. (Italics supplied.) *Dowler* v. *New York, C. & St. L. Rd. Co.,* 5 Ill. (2d), 125, 125 N. E. (2d), 41.

In the opinion in *Wilkeson, Admr.*, v. *Erskine & Son, Inc.*, 145 Ohio St., 218, 61 N. E. (2d), 201, the court again says: "Whether there is *any* substantial evidence in this case to support the claims of plaintiff's petition," and quotes from 39 Ohio Jurisprudence, 799, Section 182, "has been supported by *sufficient* evidence," but certainly the court did not intend to mean that the trial court might weigh the sufficiency of the evidence. As stated in the second paragraph of the headnotes prepared by the editors of 61 N. E. (2d), 201, the motion "involves an admission of all facts which evidence *tends* to prove, but does not involve weight of evidence." In the *Lieberman case* (163 Ohio St., 35, at page 39), appears a somewhat careless expression by way of obiter dicta that "If the Court of Appeals had determined in this case that the finding was not sustained by sufficient evidence, it would have been justified in dismissing the charges."

In *State, ex rel. Squire, Supt. of Banks*, v. *City of Cleveland*, 150 Ohio St., 303, 82 N. E. (2d), 709, the court has recently again held:

"Where the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn therefrom, both the trial court and the Court of Appeals are authorized and required upon motion to weigh the evidence, but in such a situation the Court of Appeals on an appeal on questions of law cannot as a matter of law find the facts otherwise than as found by the trier of the facts. In such a situation the sole function of the Court of Appeals is to weigh the evidence and either affirm the finding of the trier of the facts or, if such finding be against the weight of the evidence, set it aside and remand for a new trial."

The opinion discloses the character of evidence from which reasonable minds could well differ as to the inferences to be drawn therefrom.

The court has repeatedly held that the Court of Appeals may not substitute its judgment as to the significance and effect of the evidence for that of the Common Pleas Court and render final judgment contrary to the judgment of the trial court, and that the most the Court of Appeals has the power to do is to reverse on the weight of the evidence. *In re Estate of Johnson,*

142 Ohio St., 49, 49 N. E. (2d), 950; *Bishop* v. *East Ohio Gas Co.,* 143 Ohio St., 541, 56 N. E. (2d), 164; *State, ex rel. Squire, Supt. of Banks,* v. *City of Cleveland,* 150 Ohio St., 303, 82 N. E. (2d), 709; *In re Estate of Murnan,* 151 Ohio St., 529, 87 N. E. (2d), 84; *Henry* v. *Henry,* 157 Ohio St., 319, 105 N. E. (2d), 406; *Trickey* v. *Trickey,* 158 Ohio St., 9, 106 N. E. (2d), 772; *Miller, a Minor,* v. *Industrial Commission,* 158 Ohio St., 551, 110 N. E. (2d), 481; *In re Estate of Tyler,* 159 Ohio St., 492, 112 N. E. (2d), 668; *Cross* v. *Ledford,* 161 Ohio St., 469, 120 N. E. (2d), 118; *In re Disbarment of Lieberman,* 163 Ohio St., 35, 125 N. E. (2d), 328.

A corollary to the *Hamden Lodge case* is *Gedra* v. *Dallmer Co.,* 153 Ohio St., 258, 91 N. E. (2d), 256, holding that in a negligence action, if the cause of an injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing his injury is a proximate result of the negligence of the defendant. See, also, *Krupar* v. *Procter & Gamble Co.,* 160 Ohio St., 489, 117 N. E. (2d), 7; *Landon* v. *Lee Motors, Inc.,* 161 Ohio St., 82, 118 N. E. (2d), 147, holds that if plaintiff's evidence furnishes a basis for only a guess, among different probabilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.

In determining whether a verdict or finding is manifestly against the weight of the evidence, a court necessarily weighs the evidence in determining whether the jury has gone astray.

In conclusion, it is my conviction that a reviewing court in proceeding to determine whether a party is entitled to a final judgment may not weigh the evidence but determines as a matter of law whether from the evidence adduced reasonable minds might differ as to the inferences to be drawn from such evidence. In the performance of that function, the court necessarily exercises a limited judicial discretion as to the inference to be drawn, but weighs no evidence.

Applying the foregoing rules to the evidence in the instant case, after a second review of the record, the following conclusions are reached:

In support of specification No. 1, there is testimony by VanHoose that the defendant requested the former to obtain

clients for him in the county jail. This testimony was unsubstantial, uncorroborated, contradictory, unworthy of belief and the finding on this charge is manifestly against the weight of the evidence.

As to specification No. 5, Magness testified that prior to his commitment to the Lima State Hospital the defendant told him that Lima was an easy place from which to escape. From this testimony, reasonable minds could reach no conclusion other than that the purported statement did not constitute misconduct involving moral turpitude.

With respect to specification No. 7, Robinson's statement that the defendant told him "to stay out of the sheriff's road" was corroborated by the testimony of two other witnesses, who stated that the defendant had admitted to them that he gave such advice to Robinson. The evidence discloses that Robinson was crippled as the result of an accident and his case was continued on several occasions over a considerable period of time. His bond was forfeited in January, but reinstated, and again forfeited in June, but Robinson voluntarily gave himself up to the sheriff of Scioto County the following August. No reasonable inference can be drawn from this evidence that the defendant was guilty of misconduct involving moral turpitude. Defendant was not charged with failure to return money received from Robinson or his relatives to make good fraudulent checks. As to whether the defendant did receive this money, the evidence is in sharp conflict. Inasmuch as the defendant was not charged upon this transaction, there is no basis for a finding of guilt thereon.

However, aside from the provisions of the statute relating to suspension and disbarment for misconduct involving moral turpitude, the court has inherent disciplinary power over an attorney for unethical or reprehensible conduct not involving moral turpitude. Viewed in this light, the findings in support of specifications Nos. 5 and 7 are manifestly against the weight of the evidence and should be remanded for a new trial thereon.

With regard to specification No. 6, the evidence fails to disclose that the defendant unlawfully withheld bond premium money from his client Wilhite, and final judgment should be entered for the defendant upon this charge.

The judgment of the Common Pleas Court is reversed and the cause is remanded thereto with directions to dismiss the charge made in specification No. 6 and for a new trial on specifications Nos. 1, 5 and 7.

*Judgment accordingly.*

CONN and DEEDS, JJ., concur in the judgment of reversal.

DEEDS, J., concurring. It is clear that the views of this court must now be made to conform, as nearly as it is possible to do so, with the announcement of the Supreme Court of the state in its decision in reference to the degree of proof required in order to establish the charges involving moral turpitude, although as stated in the prior opinion of this court in its decision on the appeal, it was then our view that the degree of proof required should be greater than a mere preponderance of the evidence.

The docket entry intended to express the conclusion of this court, following its previous review of the record and evidence on appeal, was as follows:

"5048—In the Matter of the Disbarment Proceedings against Emanuel H. Lieberman: Judgment of the Court of Common Pleas reversed and final judgment for appellant Lieberman for reasons stated in opinion on file and cause remanded thereto for execution for costs. See journal entry to be approved by counsel and the court."

Through inadvertence, although the journal entry purporting to record the judgment of this court was approved by the appellant and members of the bar committee, it was not submitted to nor was it approved by the members of this court before being filed, as was intended and for that reason it probably did not express clearly the conclusions and judgment which had been arrived at by this court.

It had been my view, and also the view, I believe, of the other members of this court, that the proceeding in disbarment involved in this case is neither a criminal nor a civil proceeding, but is a special proceeding provided by legislative enactment, and is in the nature or character of what is ordinarily referred to as being a quasi-criminal proceeding and therefore was not

subject to the rule respecting the degree of proof governing in the determination of ordinary civil actions.

Therefore, my prior conclusion and judgment in this case as comprehended in the docket entry appearing above, although not stated specifically, had been reached in conformity with what I considered as being the rule of law governing this court in a consideration of the record on appeal, as announced by the Supreme Court of the state in the syllabus and opinion in the case of *Cooper* v. *State,* 121 Ohio St., 562, 170 N. E., 355. The syllabus in the *Cooper case, supra,* is as follows:

"It is the duty of the Court of Appeals, in reviewing a case upon the weight of the evidence, to determine whether the verdict and/or judgment is supported by the degree of proof which the character of the case requires, and to render its judgment according to such determination."

In the opinion of the Supreme Court in the *Cooper case, supra,* following the making of an analysis of the evidence in the case and the interpretation of several prior decisions of the court, both criminal and civil, where the degree of proof required is greater than a preponderance, the rule respecting the duty of the reviewing court to weigh the evidence is stated as follows, at page 569:

"Although this court is not required to pass upon the weight of the evidence, it necessarily follows that, if it is its duty, when it does elect to review the evidence to determine whether the trial court has observed the correct rule in weighing the evidence, to reverse when it finds that it has not, it is likewise the duty of the Court of Appeals, which is obliged to pass upon the weight of the evidence when its jurisdiction in that respect is invoked, to determine whether the proof attains to the degree which the character of the case requires, and to render its judgment according to such determination. The duty of the Court of Appeals in such a situation cannot be less than the duty of this court.

"The Court of Appeals, in reviewing a criminal case upon the weight of the evidence, owes a greater duty than to determine merely whether there was 'some evidence' tending to support the verdict. In such situation, if the Court of Appeals is unable to determine from the record wherein the truth lies be-

tween conflicting evidence, it may well adopt the conclusion of the jury and the trial court; they being in a better situation to judge of the truth by reason of their opportunity to see the witnesses and observe their conduct. But where the truth is manifest upon the record itself, by reason of the absence of conflict, *or by any other sound reason, the Court of Appeals cannot escape its duty to determine whether the verdict and/or judgment is supported by the degree of proof which the character of the case requires.*'' (Emphasis added.)

In the opinion of the Supreme Court in this case—*In re Disbarment of Lieberman,* 163 Ohio St., 35—it is stated that the jurisdiction of this court in a consideration of the case on appeal includes the power and authority as follows:

''Whether there is sufficient evidence to sustain the finding of the trial court is a question of law. If the Court of Appeals had determined in this case that the finding was not sustained by sufficient evidence, it would have been justified in dismissing the charges.''

It will be noted that the foregoing announcement is in harmony with the duty of this court as announced clearly by the Supreme Court in the syllabus in *Cooper* v. *State, supra,* as quoted above.

In the decision by the Supreme Court in this, the *Lieberman case, supra,* the opinion makes reference to and cites the prior decisions of the Supreme Court in the cases of *State* v. *Robinson,* 161 Ohio St., 213, 118 N. E. (2d), 517, and *State* v. *Robinson,* 162 Ohio St., 486, 124 N. E. (2d), 148.

Since the *Robinson cases* involved a criminal prosecution analogous in all respects, so far as a consideration of the questions now being considered is concerned, to the criminal prosecution involved in the case of *Cooper* v. *State, supra,* and in view of the authority of this court to weigh the evidence as stated in the opinion of the Supreme Court in this case as quoted above, it is not clear to me as a member of this court what the authority and duty of this court now is, concerning the weighing of the evidence in reaching the decision on this appeal.

It does appear in the decision of the Supreme Court, however, in this case, that the degree of proof required in order to establish the charges involving moral turpitude should be a pre-

ponderance of the evidence only, and it is also indicated quite clearly in the opinion as I view it that it is the view of a majority of the Supreme Court that this court does not have the authority on the evidence in the record now before us to enter a final judgment for the appellant. I therefore concur in the conclusion that the judgment of the trial court is manifestly against the weight of the evidence and for that reason should be reversed and that the cause should be remanded for a new trial on all specifications and charges previously sustained by the trial court.

CONN, J. I concur in the judgment of reversal. However, I am of the opinion that the finding and judgment of the court upon the original hearing was supported by the record and that final judgment should again be entered for the appellant. As briefly as possible, I shall undertake to show the basis for my conclusion.

First, we call attention to the fact, as pointed out in the concurring opinion of Judge Deeds, that the docket entry expressly provided that the journal entry should be approved by the court as well as by counsel.

Due to some inadvertence or oversight, the judgment entry, which we assume was prepared by the bar committee, was not submitted to nor approved by the judges of the Sixth Appellate District, nor any one or more of them, who had been designated to hear and who did hear and adjudge the issues raised on the record.

Furthermore, the judgment entry filed in the Court of Appeals for Franklin County did not and does not set forth the grounds of reversal of the trial court or the basis upon which final judgment had been entered for appellant.

The judges who heard and reviewed this case were entitled to have the opportunity to withdraw the journal entry filed without their approval, and in lieu thereof, prepare and file an amended entry, setting forth therein the errors found in the record, pursuant to the provisions of Section 12223-21, General Code (now Section 2505.21, Revised Code).

Since the court speaks from its journal, it follows that the work and labor of the court in the instant case was done and

performed in vain, so far as it concerns the review of the issues raised on the record and the adjudication of appellant's guilt or innocence of the charges of unprofessional conduct in his office, involving moral turpitude, as disclosed thereon.

It is respectfully pointed out that when the Supreme Court had this case for review and observed that the journal entry did not set forth the errors upon which the judgment of reversal was predicated, it could have remanded the case for the purpose of having the judgment entry conform to the mandatory provisions of the statute and also have the approval of the judges who had heard the case.

Had this course been followed, it is respectfully suggested that the judgment of the Supreme Court would have had a tangible basis upon which to rest and it would not have been necessary to predicate its judgment in part on an assumption as to reasons for the reversal of the trial court, or in relation to the basis for the judgment of the reviewing court.

No issue was raised or suggested in the trial court, or in this court, touching the competency of witnesses to testify, called by the bar committee, and who had been charged with or convicted of a felony, nor was the right of appeal from the judgment of the trial court on questions of law challenged, nor was any issue raised as to the character of the appeal.

Moreover, this court at no time intended to substitute its judgment for that of the trial court on the issue of credibility of witnesses. The predicate for the judgment of this court was the failure of proof and not the character of the testimony adduced by the bar committee as to the degree of proof.

By way of emphasis, this court did call attention to what we considered the rule to be in this state, prior to the judgment of the Supreme Court, that is to say, before an attorney at law could be disbarred where charges are predicated on the statute, it should appear, by clear and convincing evidence, that he has been guilty of unprofessional conduct, involving moral turpitude. The weight of authority outside Ohio recognizes the "clear and convincing rule," or at least evidence of greater weight than mere preponderance, and a similar procedure obtains in the federal court.

There is embraced here, in the situation thus presented,

not only a material procedural question but, broadly speaking, an issue of grave import. A charge of unprofessional conduct, involving moral turpitude, laid against any member of the Bar, calls for an impersonal approach and every step taken should be taken with reasonable caution to the end that no injustice be done. The courts should not hesitate to protect a lawyer against charges of unprofessional conduct or fail to safeguard the privilege granted to him to practice his profession, where the record discloses a fatal infirmity of proof, as in the instant case.

Disbarment is perhaps the severest penalty that can be imposed on a lawyer in his professional status. Under the statute, disbarment is limited to unprofessional conduct involving moral turpitude. This limitation excludes all personal likes and dislikes, or want of popularity among members of the profession, or on the part of the public generally.

Appellant's denial of charges of soliciting professional business was unequivocal. The testimony of the jailor and turnkeys who were called by the appellant and who testified fully as to the rules governing visitation by lawyers whose clients at the time were imprisoned tended to show that there was no irregularity in the conduct of appellant during his visitations of clients at the county jail.

Is there evidence having probative value that appellant has been guilty of unprofessional conduct involving moral turpitude, in one or more of the several specifications? From a study of the record, it is my opinion that this inquiry should have a negative answer.

With respect to the evidence relied on to support specifications numbers one, five, six and seven (two, three and four having been dismissed for failure of proof), it was pointed out in the original opinion of the court that there was a failure of proof and that the judgment of the trial court was contrary to law.

Frankness suggests that some toleration in the original opinion of the court must be allowed by reason of inept diction and want of clarity. However, the fault at this point would not have been material had the journal entry set forth the grounds upon which the judgment of reversal was based.

It is my opinion that, on the whole record before us, no evi-

dence of a substantial character, having probative value, was adduced upon which to rest the judgment of the trial court in finding appellant guilty of unprofessional conduct involving moral turpitude; that the judgment should be reversed and final judgment rendered for appellant; and that he be restored to all his privileges and rights as an attorney at law in this state, and recover his costs in this proceeding.

FESS, J., concurs in the foregoing, except the conclusion that final judgment should be entered for appellant.