LEHMAN, APPELLEE, *v.* HAYNAM, APPELLANT.*

---

*Motion to certify record overruled, November 20, 1957.

(No. 2765—Decided June 18, 1957.)

*Messrs. Mills & Mills* and *Mr. Frank Lucas,* for appellee.
*Messrs. Carson, Vogelgesang & Sheehan,* for appellant.

FESS, J.  This is an appeal on questions of law from a judgment entered upon a verdict for plaintiff in the sum of $45,000. This is the second appearance of this cause upon appeal to this court.  The first appeal was from a judgment for the defendant notwithstanding a verdict for the plaintiff in the sum of $23,000, and from an order granting plaintiff's motion for a new trial.

At the first trial, the jury, in a special verdict, found that the defendant lost consciousness from a cause which he had no reason to anticipate while driving his automobile on his own right half of the highway and thereafter crossed its center line and collided with the automobile in which the plaintiff was a passenger. The jury also found that the defendant did not fail to exercise due care while conscious. The trial court granted the motion for a new trial on the ''ground that it had failed to charge the jury that the burden of proof rested upon the defendant to show that he was unconscious at the time of his alleged negligence.'' This court, as well as the Supreme Court, held that there was no abuse of discretion in granting the new trial. *Lehman* v. *Haynam*, 164 Ohio St., 595, 133 N. E. (2d), 97.

Upon this appeal, error is assigned upon the ground of misconduct during the trial on the part of plaintiff's counsel as well as the court. At the outset of the trial, a vituperative controversy arose between counsel, in which the court participated, regarding a motion which the defendant had filed objecting to the judge presiding, and seeking the assignment of the cause to another judge for trial.

Prior to the hearing, counsel for defendant requested that it be had without the presence of the panel of prospective jurors, which request was denied. This bitter controversy between counsel and the court occurred in the presence and hearing of the jurors, comprising 24 pages of the record and consuming 42 minutes. Without detailing the unfortunate events transpiring during the controversy, it suffices to say that the conduct of counsel on both sides went far beyond the bounds of forensic propriety, and the conduct of the court, although undoubtedly provoked, did not comport with that degree of judicial equanimity and composure requisite to a fair and impartial trial. The antagonism engendered persisted throughout the trial to such an extent that neither plaintiff nor defendant was accorded a fair trial. This assignment of error is therefore sustained.

The court also erred to the prejudice of the defendant in the following respects:

1. In withdrawing from the jury the third hypothetical question propounded to defendant's doctor and his answers thereto tending to support defendant's claim of ''blackout.''

2. In excluding testimony on behalf of the defendant upon that phase of defendant's claim that his loss of consciousness was unforeseen and unanticipated.

3. In excluding testimony tending to show that defendant's loss of consciousness was not attributable to drinking.

4. In unduly limiting defendant's cross-examination of plaintiff's witnesses.

5. In excluding testimony tending to show that the injury was due to sole negligence of plaintiff's driver in violation of the rule in *Schreiber* v. *National Smelting Co.*, 157 Ohio St., 1, 104 N. E. (2d), 4.

6. In permitting plaintiff's counsel during final argument to implore the jury to return a verdict for the full amount prayed for and leave such amount for reduction to a reviewing court. Plaintiff's contention that such obnoxious remarks may have been provoked by improper argument of opposing counsel not appearing in the record does not cure the error apparent thereon.[1]

At the conclusion of the evidence, plaintiff moved the court to instruct the jury that the defendant was guilty of negligence as a matter of law. After extensive argument, the court found that there was no evidence of substantial probative force upon the defense of unforeseeable unconsciousness on the part of the defendant to justify the court in presenting such issue to the jury and that the jury would be instructed that the defendant was guilty of negligence proximately causing plaintiff's injuries as a matter of law. Thereafter the court instructed the jury before argument that it found as a matter of law that the defendant had been shown guilty of negligence which proximately caused plaintiff's injury and the jury would be called upon only to determine the amount of damages.

In reaching this conclusion, the court relied upon *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246, and expressed the opinion that incident to the defense of "blackout" or loss of consciousness it was requisite to show some evidence with respect to the cause thereof, thus distin-

[1]See *Gibbons* v. *Baltimore & Ohio Rd. Co.*, 92 Ohio App., 87, 109 N. E. (2d), 511, wherein a similar contention was made, which is not commented on in the opinion but was rejected by the court.

guishing *Weldon Tool Co.* v. *Kelley,* 81 Ohio App., 427, 76 N. E. (2d), 629, wherein the driver had experienced sudden pains in his heart. In our opinion, the court misconstrued the import of the decision of the Supreme Court in *Lehman* v. *Haynam, supra* (164 Ohio St., 595).

In its opinion, the Supreme Court approves the rule stated in *Driver* v. *Brooks,* 176 Va., 317, 10 S. E. (2d), 887, as follows:

" 'Where the driver of an automobile is suddenly stricken by an illness which he has no reason to anticipate and which renders it impossible for him to control the car, he is not chargeable with negligence.' "

It is to be noted that the rule refers to the driver suddenly stricken by an illness such as dizziness or a fainting spell, but the syllabus in the *Lehman case* recites:

"2. Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control.

"3. Where in an action for injuries arising from a collision of automobiles the defense of the defendant driver is that he was suddenly stricken by a period of unconsciousness, which rendered it impossible for him to control the car he was driving and which he had no reason to anticipate or foresee, the burden of proof as to such defense rests upon such driver."

Thus, the necessity of showing that the cause of sudden unconsciousness was due to a heart attack, dizziness, etc., is eliminated from the rule adopted by the Supreme Court.[2]

Furthermore, we have examined the record of the testimony at the first trial, which was before the Supreme Court, and find that the defendant's testimony with respect to "blackout" is substantially the same as in the record in the instant case.[3]

As stated by the Supreme Court at page 596 of the *Lehman case,* at the first trial there was evidence of defendant, support-

---

[2] In *Waters* v. *Pacific Coast Dairy,* 55 Cal. App. (2d), 789, 131 P. (2d), 588, cited by plaintiff in support of her contention that it is necessary to show the cause of loss of consciousness, the court held that whether defendants had overcome the presumption of negligence arising from defendant's truck being on the wrong side of the road was a question of fact for the jury.

ed by testimony of a physician testifying as an expert, to the effect that, before defendant's automobile drifted over to the wrong side of the road he had lost consciousness from an unforeseeable cause, although this latter claim was vehemently disputed by plaintiff. At the instant trial, the defendant was erroneously denied the benefit of the supporting testimony of the physician, but defendant's claim was supported by evidence of a substantial probative character by his own testimony. In rejecting defendant's claim that he was entitled to judgment as a matter of law, the Supreme Court said, at page 601 of the *Lehman case*, "In our opinion a jury question is squarely presented."

It is recognized that the rule prescribed by the Supreme Court may open wide the door in automobile collision cases to the possible spurious defense of blackout, but, nevertheless, it is incumbent upon the jury whether to believe a defendant's evidence in support of such claim. At the first trial, the jury believed the defendant.

Therefore, it is concluded that the court erred in instructing the jury that the defendant was guilty of negligence proximately causing plaintiff's injuries as a matter of law and in withdrawing the defense from the consideration of the jury. *Satterthwaite* v. *Morgan, Jr.*, 141 Ohio St., 447, 48 N. E. (2d), 653; *Mahoning National Bank* v. *City of Youngstown*, 143 Ohio St., 523, 56 N. E. (2d), 218; *Durham* v. *Warner Elevator Mfg. Co.*, 166 Ohio St., 31, 139 N. E. (2d), 10; *In re Lieberman*, 101 Ohio App., 97, 138 N. E. (2d), 255.

Shortly after the first trial, one of plaintiff's doctors died and, pursuant to the provisions of Section 2317.06, Revised Code, plaintiff was permitted to read the doctor's testimony from the first trial. Defendant's general objection to the reading of this testimony was properly overruled, but during its reading defendant was not accorded the right to object to particular questions and answers thereto as provided by the last sentence of the statute: "All testimony so offered shall be open

---

[3]As at the first trial, in the second trial upon vigorous cross-examination, in an effort of the plaintiff to establish retrograde amnesia, defendant refused to admit that he merely did not remember or had no recollection, but testified positively that he "blacked-out" or suddenly lost consciousness.

to all objections which might be taken if the witness was [were] personally present." However, we conclude that such error was nonprejudicial.

Other errors assigned are found not well taken or nonprejudicial.

The judgment is reversed and the cause remanded to the Court of Common Pleas for a new trial.

*Judgment reversed.*

McClintock, P. J., concurs.
Putnam, J., concurs in the judgment of reversal.

(Decided August 1, 1957.)

On Motion to strike.

Fess, J. This cause came on for further consideration upon a motion by plaintiff, appellee herein, to strike the journal entry prepared by the court *sua sponte* and filed with the clerk for journalization pursuant to the decision of this court reversing the judgment of the Common Pleas Court and remanding the cause thereto for a new trial. The reason assigned in support of the motion is that the preparation of the entry and the filing thereof are in direct violation of the provisions of Rule VIII of this court, with respect to the settling and approval of journal entries.

That a court has inherent power to prepare and file with the clerk for journalization the formal record of its judgment is indisputable. The purpose and intent of Rule VIII is to afford counsel for the prevailing party as well as opposing counsel the courtesy of assisting the court in the performance of its function of recording its judgments. The rule relieves the court of the duty of drawing such entries. Nevertheless, the court has the ultimate duty to approve journal entries and, invariably, when counsel are unable to agree, draws its own entries. Frequently, entries approved by counsel on both sides are disapproved, and such entries are redrawn and filed by the court.

When circumstances warrant, the court in the exercise of its discretion incident to its inherent power and duty may *sua sponte* draw and file its entry without consultation with counsel. This is not a violation of Rule VIII but the exercise of the court's duty to record its judgment.

In the instant case, in the light of the absence of cooperation and the animosity between opposing counsel, as disclosed by the record of the proceedings below, it was apparent that the settling of the journal entry could well be unduly delayed. The court therefore elected to draw the entry *sua sponte.* At the time the opinion was filed, counsel were notified that the entry was to be drawn by the member writing the opinion and would be filed within ten days thereafter. The instant motion was filed the day after the entry was filed with the clerk for journalization.

Notwithstanding, in the opinion of a majority of the court, the preparation, approval and filing of the entry was valid, leave was granted plaintiff, appellee herein, to file objections thereto for the consideration of the court. Objections filed pursuant to such leave merely seek an amplification of what was said in the opinion regarding misconduct.

Section 2505.38, Revised Code, requires the court, upon reversing a judgment, upon request of either party, to specify in writing the grounds of reversal. In conformity with the doctrine that a court speaks only from its journal entry, grounds for reversal should be specified in the journal entry. *State, ex rel. Cleveland Concession Co., v. City of Cleveland,* 89 Ohio App., 408, 102 N. E. (2d), 731. In our opinion, the practice sometimes resorted to of merely stating as grounds "for reasons stated in the opinion" is careless and improper. Although there is no particular criticism to be directed to employing the language of an opinion verbatim, the better practice is to summarize the several grounds of reversal. Although no request to specify the grounds for reversal was made, the entry prepared by the court specifies seven grounds, including that of misconduct of court and counsel, which adequately apprise counsel as well as a reviewing court with respect to the grounds of reversal.

Therefore, the motion of the plaintiff to strike the journal

entry and her alternative motion to correct the same are overruled.

McClintock, P. J., concurs.
Putnam, J., not participating.

Fess, J., of the Sixth Appellate District, sitting by designation in the Fifth Appellate District.